JONES v. STATE.

Opinion delivered June 19, 1922.

1.  HIGHWAYS—ROAD IMPROVEMENT DISTRICTS—ANNUAL REPORTS.—
    Acts 1915, No. 338, § 33, requiring all boards of commissioners of road improvement districts to file an annual report during the month of September, applies only to road improvement districts created under that act, and not to road improvement districts created under special acts.

2.  STATUTES—SPECIAL SESSION OF LEGISLATURE—PROCLAMATION.—
    Act 151 of Special Session of 1919 (Crawford & Moses' Dig., §§ 5645, 5646), requiring all road, drainage and improvement districts where bonds are sold to file an annual report, is void under Const., art. 6, § 19; such act not being within the purview of the Governor's proclamation, and not having been passed at an extension of the special session.

3.  CRIMINAL LAW—JUDICIAL NOTICE OF LEGISLATIVE RECORDS.—Judicial notice is taken of legislative records.

Appeal from Howard Circuit Court; *James S. Steel,* Judge; reversed.

*Lake & Lake, J. W. House, Jr.,* and *J. G. Sain,* for appellants.

Nothing can be taken by intendment to supply the necessary allegations in an indictment. 94 Ark. 242; 29 Ark. 68; 38 Ark. 519; 67 Ark. 308. Criminal statutes are to be strictly construed, and no case can be brought within the statute unless it is within its words. 38 Ark. 521. The requirements of the statute that the report shall be filed on the first Monday in January is mandatory. The indictment to be sufficient must allege that

they failed to file it on that day. 236 S. W. 619. The enactment of this statute was not within the proclamation convening the Legislature. 15 L. R. A. 847. The Governor's subsequent approval of the act cannot be substituted for those earlier steps which the fundamental law prescribes. 2 Heisk. 575; 90 Mo. 646; S. W. 769; 19 S. W. 531. Legislation not embraced in the Governor's call is unauthorized and void. 19 S. W. 531. The case should be reversed and dismissed. 115 Pac. 696. The Legislature is limited to the business named in the proclamation. 161 S. W. 1006.

*J. S. Utley,* Attorney General; *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

The exact date laid in the indictment is not material further than as a statement that it was committed before the time of the indictment. 110 Ark. 171; 52 Ark. 270; 26 Ark. 260; 31 Ark. 676; 32 Ark. 215. The indictment is substantially in the words of the statute and is sufficient. 85 Ark. 195; 97 Ark. 5; 98 Ark. 575.

SMITH, J. Appellants are commissioners of a road improvement district in Howard County created by act No. 628 of the Acts of the regular session of the 1919 General Assembly (1919 Road Acts, vol. 2, page 2399), and they have been convicted under an indictment charging them with failure "to file a detailed, full and correct report and statement of the moneys collected and expended, the character of the improvement made and other details necessary to a full and thorough understanding of things done by said commissioners, said Howard-Sevier Road Improvement District Number 1 having previously issued and sold bonds and expenditures being made."

It was stipulated, in the agreed statement of facts on which the case was submitted to the court sitting as a jury, that the commissioners did not file a report on the first Monday in January, 1922, but that their report was not filed until the 21st day of February, 1922.

The prosecution in this case was had under act No. 151 of the acts of a special session 1919 of the General

Assembly, which was an act entitled, "An Act requiring the commissioners of all road districts, drainage districts, and improvement districts of all kinds, to file an annual report on the first Monday in January of each year hereafter."

Section 1 of this act provides "that hereafter all commissioners of road districts, drainage districts and improvement districts of every kind where bonds are sold, shall be required to file a report on the first Monday in January of each year, during the time expenditures are being made, and said report shall contain a detailed, full and correct statement of everything done by said commissioners up to the date of the filing of their report, including the amount of money collected, the amount of money expended, showing the date and number and amount of each voucher, to whom issued, and for what purpose, the character of the improvement made, the amount of the improvement, and every other detail necessary to a full and thorough understanding from the report of everything done or accomplished by said commissioners and district. Said report shall be filed with the clerk of the county court of the county in which said improvement district is organized, or, if the district or any part of it is in more than one county, then in each county of said district; and said report when so filed shall be kept by said clerk, subject to the inspection of any taxpayer in said district."

Section 2 of the act provides that a fine of $500 shall be imposed upon a conviction of a violation of section 1.

This act appears as sections 5645 and 5646, C. & M. Digest.

It is insisted, on behalf of the State, that section 5645, C. & M. Digest, applies to all road improvement districts, and therefore supersedes section 5452, C. & M. Digest. This last-numbered section was section 33 of act No. 338, approved March 30, 1915 (Acts 1915, p. 1400) commonly known as the Alexander Road Law.

This section 5452 requires the filing of an annual report during the month of September by all boards of commissioners of road improvement districts, but it quite obviously applies only to the road improvement districts created under that act.

It becomes necessary, therefore, to determine whether act No. 151, set out above, is a valid enactment, as the conviction appealed from was had under its provisions.

Act No. 628 of the Acts of 1919 creating the road improvement district in question does not require the filing of an annual report by the commissioners; and the conviction cannot therefore be sustained unless act No. 151 is a valid statute.

We have reached the conclusion that this wholesome act is not a valid law; but its validity must be tested, not by any consideration of its beneficial safeguards, but solely upon a consideration of the provisions of the Constitution pursuant to which it was enacted.

This act No. 151 was passed at an extra session of the General Assembly which was convened pursuant to a proclamation of the Governor, which reads as follows:

"Know ye that, whereas, an extraordinary occasion has arisen which makes it necessary so to do, I, Charles H. Brough, Governor of the State of Arkansas, by virtue of the power and authority vested in me by section 19, article 6, of the Constitution of the State of Arkansas, do by these presents call a special session of the General Assembly of the State of Arkansas, to meet and convene at the State House, at the hour of twelve o'clock noon, on the 22nd day of September, 1919, and I specify the purposes for which the General Assembly is convened to be as follows, to-wit:

"1. To enact such laws as may be necessary to decrease the high cost of living.

"2. To enact such laws as will enable cities and towns to collect an additional tax for motor vehicles, to be used for street purposes.

"3.    For the purpose of enacting laws for establishing local road, bridge, drainage, school and levee improvement districts, and amending and curing defects in existing special local laws for the same, and ratifying, confirming and validating local improvement districts organized under general or special laws, and to enact such laws as will permit the reconstruction or extension through improvement districts of waterworks systems, to the end that cities and towns or new territory taken therein may be supplied with adequate service.

"4.    To appropriate a sufficient sum to pay for services rendered and expenses incurred during the biennial period ending March 31, 1919.

"In testimony whereof, I have hereunto set my hand and caused, as Governor of the State, the Great Seal of the State of Arkansas to be affixed, this 15th day of September, 1919."

It is shown, from the certificate of the Secretary of State, based upon an examination of the legislative records—of which we would, of course, take judicial knowledge—that House Bill No. 134, which became act No. 151, was introduced at this special session while other business within the Governor's proclamation was being transacted, and that other bills within the Governor's proclamation were introduced both prior and subsequent to the introduction of House Bill No. 134, and that the purpose of the call of the Governor had not been completed when House Bill No. 134 was introduced, and that there was no vote of the two houses entered on the journals thereof extending the session for the purpose of considering matters not included in the Governor's call.

Section 19, article 6, of the Constitution, under which the extra session was convened, is as follows: "The Governor may, by proclamation, on extraordinary occasion convene the General Assembly at the seat of government, or at a different place, if that shall have

become, since their last adjournment, dangerous from any enemy or contagious disease; and he shall specify in his proclamation the purpose for which they are convened, and no other business than that set forth therein shall be transacted until the same shall have been disposed of, after which they may, by a vote of two-thirds of all the members elected to both houses, entered upon their journals, remain in session not exceeding fifteen days."

At section 56 of the article on Statutes in 25 R. C. L. p. 806, it is said: "Constitutional provisions limiting the scope of legislation at special sessions are mandatory, and any law enacted at a special session is void if it is not the subject or subjects designated by the executive's call or message, even though it has been approved by the Governor."

At section 65 of Lewis' Sutherland, Statutory Construction (2nd ed.), p. 111, it is said: "Extra or special sessions of the Legislature are usually provided for in the Constitution, and in such cases the Legislature is also usually limited to the transaction of such business as is mentioned in the call. Where this limitation exists, legislation relating to other subjects will be void. In order to determine this question the courts will take judicial notice of the Governor's proclamation. The Legislature may act freely within the call; may legislate upon all or any of the subjects specified, or upon any part of a subject; and every presumption will be made in favor of the regularity of its action." See also, Cooley on Constitutional Limitations (7th ed.), p. 222; and cases collected in the note to *Long* v. *State,* 21 A. &. E. Cases, page 405.

Inasmuch as the session of the General Assembly was not extended by the vote of the two houses after the completion of the business embraced in the Governor's call, the act under review must fall as having been passed without Constitutional authority, unless authorization for its enactment is found in the Governor's proclamation,

If authorization for act 151 exists, it must be found in the third paragraph of the proclamation. The first phrase of this paragraph reads as follows: "For the purpose of enacting laws for establishing local road, bridge, drainage, school and levee improvement districts." The second phrase of the third paragraph reads: "and amending and curing defects in existing special local laws for the same." The remaining portions of this third paragraph are so obviously inapplicable that they need not be discussed.

The first phrase of this third paragraph of the proclamation authorizes the enactment of laws for establishing local road, bridge, drainage, school and levee improvement districts. The title of act 151, quoted above, shows that act has no relation to this phrase of this third paragraph.

Concerning the second phrase of the third paragraph, we think it quite obvious that it only authorizes legislation amending and curing defects in existing local laws which established road, bridge, drainage, school and levee improvement districts. The first phrase of paragraph three of the proclamation authorizes legislation for the purpose of establishing local road districts, local bridge districts, local drainage districts, local school districts and local levee districts; and then follows, in the second phrase, authorization for legislation amending and curing defects in existing special local laws which had created such districts. Only local legislation is included in either the first or second phrase.

This second phrase of paragraph three of the proclamation authorizes the enactment of legislation amending and curing the defects in existing local legislation and was used advisedly and discriminatingly. This is shown by the phrase immediately following, "and ratifying, confirming and validating local improvement districts organized under *general* or *special* laws." This last phrase authorized legislation ratifying, confirming or validating local improvement districts, whether organized under general or special laws.

Act 151 is not a local law. It does not purport to amend any local bill. It covers not only the improvement districts mentioned in the first phrase of the third paragraph of the proclamation, but applies to "improvement districts of every kind where bonds are sold." It applies not only to districts created under the special laws to which the proclamation referred, but it applies to districts created under general laws. It is a general law, and not a special one, and applies to all districts theretofore or hereafter created, and for these reasons act 151 is not within the purview of the Governor's proclamation.

It is true the Governor approved act 151, but that action on his part does not supply the lack of authorization for its enactment in his proclamation. See the authorities cited above.

Having reached the conclusion that act 151 is not a valid statute, it necessarily follows that the conviction based upon it cannot stand, and the judgment of the court below must therefore be reversed, and the cause will be dismissed.

HART, J., (dissenting). My views of the law are well expressed by Judge REESE in construing a similar provision of the Constitution of the State of Tennessee in the case of *Mitchell* v. *Franklin and Columbia Turnpike Co.,* 3 Humph. 456, as follows: "This undoubtedly is a very salutary provision, tending somewhat to check over-legislation, and to render laws a little more stable, by furnishing a period of two years, during which they may be in some degree subjected to the test of a brief experiment. And cases may sometimes arise, it is to be sincerely hoped but seldom, in which it may become the duty of the court to declare a law, passed under such circumstances, beyond the scope of the legislative commission out of this provision of the Constitution."

The intention of this constitutional provision is to prevent the enactment of laws having no connection or relation to the subjects embraced in the call. The constitutional provision should be given a practical and liberal construction to carry out its evident purpose,

and this is in the application of the maxim of construction that all doubts shall be reserved in favor of an act of the Legislature.

I think the act in question relates to one of the subjects embraced in the call of the Governor, and that its provisions are germane to that subject. One of the subjects of the call is "for the purpose of enacting laws for establishing local road, bridge, drainage, school and levee districts," etc. In other words, one of the subjects of the call was to enact local improvement district laws of the character enumerated.

In the general road law there was already a provision providing for the filing of reports by the commissioners. This is a salutary provision, and is plainly intended for the protection of the property owners. Such a provision seems to have been left out of all the special improvement district laws passed at the regular session of 1919.

It could not be said that the passage of an act relating to all such local improvement districts for the construction of roads should be considered a plain and manifest departure from the subjects named in the call. On the other hand, such a provision is germane to the subject of enacting local road improvement district laws, and may be said to be an appropriate part of such legislation.

The Constitution only intended to require the Governor by his call to confine legislation to particular subjects and not to restrict the details springing out of the subjects enumerated in the call.

Therefore I respectfully dissent from the majority opinion.