CRAWFORD COUNTY LEVEE DISTRICT *v.* CAZORT.

4-3687

Opinion delivered February 4, 1935.

*Edgar Lee Matlock, E. L. Matlock* and *Rowell, Rowell & Dickey,* for appellant.

*J. B. McDonough* and *Starbird & Starbird,* for appellees.

SMITH, J. Appellee was accorded the right in the decree from which this appeal comes to redeem his lands from a sale for levee taxes due thereon pursuant to the provisions of § 8 of act No. 2 of the Acts of the Special Session of the 1934 General Assembly. Acts Special Session 1934, p. 3.

The question for decision is whether this act became a valid law, and the answer to that question is found when it is determined whether the act was authorized under the proclamation of the Governor calling the General Assembly into special session. The reversal of the decree is prayed upon the ground that the act was not within the purview of the proclamation, and no other question is presented for decision.

The proclamation specifying the purposes for which the special session was called contained ten paragraphs, and the 10th paragraph thereof reads as follows: "10. To extend the provisions of act No. 2, of the Special Session of the Legislature of 1933 for redemptions of lands sold to the State."

The act referred to as act No. 2 of the 1933 Special Session, the provisions of which were to be extended, is found at page 3 of the Acts of the Special Session of 1933, and is entitled "An act to provide for the redemption of lands sold to the State for the nonpayment of taxes, to make disposition of the proceeds derived therefrom, and for other purposes."

The provisions of the act of the 1933 Special Session are broader than its title indicates. Section 8-A of that act provides: "That all real estate which has heretofore [been] sold to any special improvement district created under the laws of this State, except levee and drainage districts, for the nonpayment of installments of the assessed benefits levied thereon, may be redeemed from such sale at any time within three years from the date of

the passage of this act, by any person, firm or corporation now entitled by law to redeem same, by paying the amount of the tax and costs of sale without interest and penalty assessed for delinquency.''

Section 8 of act No. 2 of the 1934 Special Session extends for a period of three years after the passage of that act this right of redemption from sales made for the nonpayment of the assessments of benefits due any improvement district. There appears to be but little question that § 8 of the act of 1934 extends the provisions of § 8-A of the act of 1933, the extension being to embrace levee and drainage districts as well as improvement districts of other kinds. Levee and drainage districts were excluded from the provisions of the first act. They were included within the provisions of the second act.

It is argued that under the express language of the executive proclamation set out above the authority conferred was to enact legislation relating to the redemption of lands sold to the State, and therefore did not and could not relate to the sale of lands for the nonpayment of levee and drainage assessments, inasmuch as sales for such nonpayment are not made to the State.

We think, however, that this construction of the proclamation is too strict and narrow, and is contrary to the rule to be applied in determining whether legislation is within or is without the proclamation. This rule has been stated in numerous cases by this and other courts. Many of these cases are cited in the annotations to the following cases: *Long* v. *State,* 21 Am. & Eng. Ann. Cas. 409; *State* v. *Woollen,* Ann. Cas. 1915C 475; *Atchison, T. & S. Fe Ry. Co.* v. *State,* 40 L. R. A. (N. S.) 27.

In one of our latest cases, that of *State Note Board* v. *State ex rel. Attorney General,* 186 Ark. 609, 54 S. W. (2d) 696, it was said: ''The rule announced in decisions of this court, in the cases of *Jones* v. *State,* 154 Ark. 288, 242 S. W. 377, and *Sims* v. *Weldon,* 165 Ark. 18, 263 S. W. 42, is to the effect that lawmakers when convened in extraordinary session, 'may act freely within the call

and legislate upon any or all of the subjects specified, or upon any part of a subject; and every presumption will be made in favor of the regularity of its action,' and that the provisions of the Constitution in question merely require the Governor 'to confine legislation to particular subjects and not to restrict the details springing out of the subjects enumerated in the call,' and is supported by many other authorities.'' (Citing cases.)

When this liberal rule of construction is applied, we conclude that it was not the executive intention, as expressed in the proclamation, to limit legislation to that relating solely to the redemption of lands sold to the State. If paragraph ten had ended with the date, ''1933,'' no question as to its meaning would have existed. It would then have read: ''To extend the provisions of act No. 2 of the Special Session of the Legislature of 1933,'' and, as has been stated, the act of 1934 does extend the provisions of the act of 1933 in the respect previously indicated. But following this date, ''1933,'' appears the phrase ''for redemptions of lands sold to the State.'' We think, however, that this phrase was employed, not as a restriction upon the proposed legislation, but was employed for the purpose of further and more fully identifying the act, the provisions of which were to be extended. It will be observed that the phrase, ''for redemptions of lands sold to the State,'' appears in and is the principal part of the title of the act of 1933, which was ''An Act to Provide for the Redemption of Lands Sold to the State,'' etc. But, as has been said, the provisions of the act of 1933 are broader than the title indicates. Its provisions were not confined solely to lands sold to the State, and we conclude that the extension of its other provisions was not without or beyond the scope of the proclamation. The decree of the court below accords with this view, and it is therefore affirmed.