McCarroll, Commr. of Revenues, *v.* Clyde Collins Liquors, Inc.

4-5427                                              132 S. W. 2d 19

Opinion delivered October 9, 1939.

Frank Pace, Jr., and Lester M. Ponder, for appellant.
Ben D. Brickhouse and L. L. Brickhouse, for appellee.

MEHAFFY, J. The appellee filed in the Pulaski chancery court its complaint against Z. M. McCarroll, Commissioner of Revenues for the state of Arkansas. It alleged that it was legally engaged in manufacturing, bottling and selling spirituous and vinous liquors in the city of West Memphis, Arkansas, and as such is engaged in the sale of such products within the state of Arkansas, and exports for sale its products to other states in the United States of America; that it has at all times paid all taxes, both state and federal, enjoined upon it by law; that it has spent large sums of money in advertising and building up the trade name of its products in foreign states, and in its dealings in such matters, has created good will and business reputation which is very valuable in its interstate commerce trade; that its interstate business is confined exclusively to the shipment of spirituous and vinous liquors to dealers in other states where orders are procured, and all such orders for the purchase of such liquors are accepted or rejected by appellee at its home office in the city of West Memphis, Arkansas, and all such orders which are accepted by it are filled out of its stock so manufactured and bottled in the city of West Memphis, placed in cars or truck and forwarded in interstate commerce to the destination in such foreign states; that the General Assembly of the state of Arkansas at an Extraordinary Session of 1938, passed act No. 18; said act provides among other things that any manufacturer of spirituous or vinous liquors in this state intending to ship, sell or deliver such liquors to wholesale dealers of another state, may only do so by the payment of an inspection fee in the sum of 60 cents per case on spirituous liquors and 30 cents per case on vinous liquors; that the fee shall be evidenced by stamps purchased from the Department of State Revenues by such manufacturer, whose duty it is to place said stamps on each case in the amounts mentioned. It is alleged also that all revenues derived from the sale shall be deposited to the credit of the unappropriated fund for the purpose of providing funds for the tuberculosis sanatorium, and after deducting the costs of collection and costs of

inspection, shall be distributed 10 per cent. to the sanatorium building fund, 60 per cent. to the state welfare fund, and 30 per cent. to the fund created by act 236 of the Acts of 1937; that the commissioner of revenues is authorized to make and publish rules and regulations for the enforcement of the provisions of said act and a penalty is fixed for violation of the act and for any violation of rules and regulations so promulgated by the commissioner; that said act, insofar as it provides for the payment by the manufacturer of the alleged inspection fee, or the purchase of revenue stamps, is unconstitutional and void and in violation of appellee's rights guaranteed to it under the Commerce Laws, § 8, art. 1 of the Constitution of the United States; that the sole purpose and effect of the law is to levy a tax upon the sale and distribution of products manufactured by appellee and held for shipment in interstate commerce for the purpose of raising revenue for the use and benefit of the state of Arkansas and its charitable institutions; it alleges that insofar as the law applies to the sale and transportation of said products in interstate commerce and the act is intended as a revenue measure, that the manner in which it conducts its business constitutes interstate commerce, and appellee is not lawfully subject to the regulations or penalties prescribed by said law; that appellant's rulings and orders so made and promulgated under the provisions of said law constitute an unlawful burden on appellee's business in such interstate commerce; that the fee and amount required for revenue stamps is greatly in excess of the amount necessary to pay the necessary expense for the inspection; that the appellant is unlawfully and wrongfully seeking to deprive appellee of its lawful rights, and unlawfully and wrongfully seeking to prohibit and destroy the interstate commerce carried on by appellee; that appellant has caused to be printed stamps to be used by manufacturers and has, or is about to, promulgate rules and regulations governing shipments in interstate commerce, and will, unless enjoined, undertake to force appellee to purchase said stamps, and in the event of appellee's failure, appellant will un-

lawfully and wrongfully cause penalties to be placed upon it; that the imposition of the tax and the rules and regulations about to be promulgated deprive the appellee of its property without due process of law, and contrary to the Constitution of the United States, for the reason that said act is unconstitutional. It is further alleged that if the appellant is not enjoined, by reason of the loss of trade and destruction of its credit and good will, appellee will suffer irreparable loss and damage for which it has no adequate remedy at law. The prayer is for an injunction.

The complaint was verified, and a copy of act 18, above referred to, is filed with the complaint.

A temporary restraining order was issued and an acceptance and waiver of service by the appellant.

It was agreed by counsel that in lieu of an injunction bond, the appellee, on the first day of each month, would deposit with the clerk of the court 60 cents per case for spirituous liquors and 30 cents per case on vinous liquors. It was further agreed that upon final hearing, if the temporary order was made permanent, the fund deposited should be immediately refunded; but, if on the contrary it shall be finally determined that act No. 18, insofar as it pertains to appellee's business conducted in interstate commerce, shall be held to be constitutional and applicable to the appellee, then such deposit shall be paid over to the commissioner.

The appellant then filed answer specifically denying each and every allegation of the complaint. Thereafter an amendment to the complaint was filed alleging that act No. 18 is in violation of art. 6, § 19, of the Constitution of Arkansas.

The court entered a decree making the temporary restraining order permanent, and the case is here on appeal.

It is first contended by the appellee that the case should be dismissed for noncompliance with rule 9. However, a motion was filed by appellee, and on June 19, 1939, the motion was denied, and so far as the record

shows, no further steps were taken by appellee with reference to said motion, and the record does not show that the appellant appeared before the court and made any statement, as alleged by appellee. The motion to dismiss will, therefore, not be reconsidered.

It is next contended that the act is not within the purview of the Governor's proclamation. Section 19 of art. 6 of the Constitution provides for the convening of the Legislature in Extraordinary Session by the Governor, and provides that the Governor shall specify in his proclamation the purpose for which they are convened, and no other business than that set forth therein shall be transacted until the same shall have been disposed of. The purpose stated in the proclamation in this case, among other things, is to provide additional facilities for tubercular patients in this state, and to provide funds therefor.

Act No. 18 above mentioned is an act to create a building and maintenance fund for the Arkansas Tuberculosis Sanatorium, and § 5 of said act provides that all spirituous or vinous liquors intended or stored or held for shipment, distribution, sale or delivery outside of the state of Arkansas shall be subject to inspection by the commissioner of revenues, and said inspection shall be evidenced by a stamp or stamps to be provided by the commissioner of revenues, said stamp to be placed on each case of spirituous liquors at the rate of 60 cents per case, not exceeding three gallons, and on each case of vinous liquors, except native Arkansas vinous liquors, at the rate of 30 cents per case, not exceeding three gallons. It is further provided that this inspection fee shall be in lieu of all taxes imposed by law, and shall be in lieu of the taxes levied in sub-sections A and B of this act.

Appellee calls attention to the case of *Pope* v. *Oliver*, 196 Ark. 394, 117 S. W. 2d 1072, in which it is stated that the general rule was affirmed, and states the general rule as follows:

"The General Assembly may consider not only the legislation specifically mentioned and set forth in the

proclamation, but such other legislation as may necessarily or incidentally arise out of that call, such as any necessary detail in accomplishing the purpose designated by the call.''

It is also stated in the above cited case that the intention of this constitutional provision is to prevent the enactment of laws having no connection or relation to the subjects embraced in the call. ''The constitutional provision should be given a practical and liberal construction to carry out its evident purpose, and this is in the application of the maxim of construction that all doubts shall be resolved in favor of an act of the Legislature.'' *Pope v. Oliver, supra.*

The above was a statement in a dissenting opinion by the late Chief Justice Hart, but quoted with approval in the case above cited.

The proclamation of the Governor is to be given a practical, common sense construction, and it would not be practicable for the Governor, in his proclamation, to go into details. As this court has repeatedly said, the Legislature may act freely within the call and legislate upon any and all of the subjects specifed, or upon any part of the subjects, and every presumption will be made in favor of the regularity of its action, and that the provisions of the Constitution in question merely require the Governor to confine legislation to particular subjects, and not to restrict the details springing out of the subjects enumerated in the call. *Jones v. State,* 154 Ark. 288, 242 S. W. 377; *Sims v. Weldon,* 165 Ark. 13, 263 S. W. 42.

Applying these rules of construction, we are of opinion that the act was within the Governor's proclamation. *Crawford County Levee District v. Cazort,* 190 Ark. 257, 78 S. W. 2d 378. Other cases might be cited in support of the rules above announced. This court has uniformly held that the call should be given a practical, common sense construction, and that it is not necessary for the proclamation to state the details of the act, but merely the general subject.

It is next contended by the appellee that the act violates § 21, of art. 5, of the state Constitution. The Constitution states that no bill shall be so altered or amended in its passage through either house, as to change its purpose.

This question does not seem to have been raised in the court below, and was not passed on by that court. However, the appellee does not state in what manner the bill was altered or amended in its passage, and there is nothing in the record to indicate that any amendment was adopted that altered or amended the bill in its passage through either house. Our conclusion is that it does not violate § 21, of art. 5, of the Constitution.

It is next contended by appellee that the act violates § 8, of art. 1, of the Constitution of the United States, in that it is a burden on interstate commerce.

The states cannot tax interstate commerce by levying a tax upon the business which constitutes such commerce, upon the privilege of engaging in it, upon the receipts as such, derived from it or upon persons or property in interstate commerce. A state cannot regulate interstate commerce or make a payment of tax or taking out of license a condition precedent to carrying on interstate commerce.

The manufacture, transportation and sale of intoxicating liquors is a privilege, and not a right. The state might prohibit altogether the transportation or sale of intoxicating liquors within its borders, and it might be said that this would be a burden on interstate commerce; but that the state can do that, no one doubts.

In the case of *State Board of Equalization* v. *Young's M. Co.,* 299 U. S. 59, 57 S. Ct. 77, 81 L. Ed. 38, Mr. Justice BRANDEIS, speaking for the court, said: "Can it be doubted that the state might establish a state monopoly of the manufacture and sale of beer, and either prohibit all competing importations, or discourage importation by laying a heavy import, or channelize desired importations by confining them to a single consignee? . . . It might permit the manufacture and sale of beer, while

prohibiting absolutely hard liquors. If it may permit the domestic manufacture of beer and exclude all made without the state, may it not, instead of absolute exclusion, subject the foreign article to a heavy importation fee?"

If the state of Arkansas, under the 21st Amendment, can prohibit the sale and transportation and storage of liquors altogether, certainly it may fix a license fee which, if a burden at all, is a less burden than prohibiting the sale and transportation altogether.

The real complaint of appellee is that if it has to pay this tax, those manufacturers in other states who do not pay the tax will be able to undersell it, and it cannot compete with them. But if the storage of liquor, or if transportation and sale was prohibited altogether in Arkansas, he could not compete with them, and if every state other than Arkansas should pass a law prohibiting the transportation into their borders, this would of course put appellee out of business so far as transporting out of the state is concerned; and yet no one would contend that the passage of these laws was a burden on interstate commerce.

Our conclusion is that the law is valid, and is not a burden on interstate commerce.

The judgment of the chancery court is, therefore, reversed, and the cause remanded with directions to dismiss appellee's complaint.