550

Eleanor W. REID, Annie Mae BANKHEAD,
Jean T. GORDON, Kathleen CHERRY, Lena M.
BROADWAY, Calvin T. SCRIBNER, Elizabeth
McALLESTER, Ruth L. WILLIS, Tommy SIMMONS
and Jane MENDEL *v.* Jimmie "Red"
JONES and Nancy J. HALL, Auditor and
Treasurer, Respectively, of the
State of Arkansas

76-134                                    551 S.W. 2d 191

Opinion delivered May 2, 1977
[Supplemental opinion on denial of rehearing June 6, 1977.]

*U. A. Gentry,* for appellants.

*Jim Guy Tucker,* Atty. Gen., by: *Lewis D. Smith,* Asst. Atty. Gen., for appellees and cross-appellants.

HARDY W. CROXTON, Special Justice. This is a taxpayer's action challenging the constitutionality of Act 1010 of the General Assembly, 1976, because it is contrary to the terms of Article 5, Section 30 of the Constitution of the State of Arkansas. Article 5, Section 30 provides:

> "General and Special Appropriations. The General Appropriation Bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative and judicial departments of the state; all other appropriations shall be made by separate bills, each embracing but one subject."

The parties have stipulated that Act 1010 is not an amendment to the General Appropriations Bill and, therefore, the only question before this Court is whether or not Act 1010 contravenes that portion of Section 30 of Article 5 of the Constitution, which requires that all appropriations other than the General Appropriations Bill, shall be made by separate bills embracing but one subject.

The question of bills embracing but one subject has been considered in prior cases. In *State* v. *Sloan,* 66 Ark. 575, 53 S.W. 37 (1899), the Court remarked reviewing the con-

stitutional provision that:

> "Similar questions have arisen under a clause of the constitutions of many states which declared that no act should relate to more than one subject, and that should be expressed in its title. Under this clause, the courts have uniformly held that the unity of the subject of an act was preserved, and there was no violation of the constitution, so long as the different parts of the act relate, directly or indirectly, to the same general object fairly indicated by its title; and that the unity of object must be looked for in the ultimate end, and not in the details or steps leading to the end; for it is within the province of the legislature to determine and provide what means will contribute to the accomplishment of the general object of an act, and it may include under its title every means convenient or necessary or that might tend to carry into effect the main design, without regard to the secondary objects thereby accomplished."

The Court went on to say in this case that, "The unity of the subject of an appropriation is not broken by appropriating several sums for its several specific objects, which are necessary or convenient or tend to the accomplishment of one general design, notwithstanding other purposes than the main design may be thereby subserved."

In the case of *Cottrell* v. *Faubus,* 233 Ark. 721, 347 S.W. 2d 52 (1961), this Court struck down an appropriation measure as a contravention of Section 30, Article 5, of the State Constitution. In that case, the appropriation bill in question appropriated the total of $800,000.00 for municipal aid fund making 16 appropriations for construction, improvement and repairs of state agency; another appropriation for District and County livestock shows; another appropriation for salaries of classroom teachers; and five additional appropriations for the construction and improvement of certain state agencies and institutions. The purposes embraced by the act in the *Cottrell* case, the court remarked, were so disconnected that the Appellees did not even argue that their appropriations were related to the single subject matter, but instead, argued that the act disposed of surplus funds and,

therefore, the funds could be the only subject of the bill satisfying a constitutional requirement. Obviously, the Court was correct in that case in holding that the subject matters were not related and that the only consistency was their inconsistency.

It is clear that Act 1010 seeks to defray the necessary expenses of the General Assembly for the 1973 session and for the 1976 extended session of the 70th General Assembly and, as such, is embraced within the unity of the bill and the subject matter to defray the expenses of the members of the General Assembly. The lower court further found that expenses and compensation to attorneys for representing certain Senators in a collateral proceeding and the expenses and compensation to attorneys representing the taxpayers in a collateral proceeding, do not come within the unity of the subject matter of Act 1010 and, therefore, are in contravention of Section 30 of Article 5 of the Constitution of the State of Arkansas. This Court will in no way disturb this finding of the lower court, since the Appellees and Cross-Appellants herein failed to file their Notice of Appeal.

We agree that the separability clause of Act 1010 is valid. Such clauses are treated as evidencing a legislative intent that an express provision found to be unconstitutional should be disregarded without disturbing the remainder of the statute. (*Cromwell v. Benson,* 285 U.S. 22, 77 L. Ed. 598, 592 S. Ct. 285 [1931]).

Assuming, therefore, that the trial court was correct in holding the aforementioned portion of the act invalid, the remaining portions are complete in themselves and capable of execution.

Affirmed.

Chief Justice HARRIS, Justice BYRD and Special Justice HAMILTON concur.

HOLT and HICKMAN, JJ., not participating.

CONLEY BYRD, Justice, concurring. I agree with the ma-

jority opinion, but, had a cross-appeal been filed, would go further and hold the entire act valid.

I am authorized to state that the Chief Justice joins in this concurrence.

HERMAN L. HAMILTON JR., Special Justice, concurring. We have reviewed the basic legislative issues in this case on numerous occasions, and in view of prior decisions I agree with the majority here, but because of the manner of appeal feel it necessary to express my view of Act 1010 as a whole.

Act 1010 of 1976 provided (1) for payment of 1976 extended session expenses for the State Senate, (2) for payment of 1973 regular session expenses for the State Senate, and (3) for reimbursement of litigation expenses incurred in determining that the law governing payment of Senate expenses during the 1973 regular session was not constitutional. The trial court held (1) and (2) to be constitutional, but that (3) was not. This appeal was taken by the parties attacking the validity of Act 1010, but no appeal was taken by the proponents of the act. Therefore, that portion of the decree holding the act unconstitutional as to (3) is final, and only the portion of that decree sustaining (1) and (2) is open for review by this Court.

Article 5, Section 30, of our Constitution provides . . . "one subject". We have construed that to mean a "unity of subject" and that the concept is preserved so long as the different parts of an act relate, directly or indirectly, to the same object. I concur with the majority that items (1) and (2) certainly are within the "unity of subject" concept and should be sustained.

I would go further, however, and state for the record that had the proponents of Act 1010 filed appropriate cross-appeal, on that portion of the trial Court's decree finding (3) to be unconstitutional, I would reverse that portion of the decree. Although I personally do not approve the idea, in concept, of State tax money paying attorneys' fees for litigation, we have also held that we cannot upset legislation simply because we would not have so arranged the law, had we been

legislating. *Hooker* v. *Parkin,* 235 Ark. 218, 357 S.W. 2d 534 (1962). In view of our prior decisions interpreting Article 5, Section 30, I would hold that with (3) properly before this Court, it would also meet the "unity of subject" test of Act 1010.

### Supplemental Opinion on Denial of Rehearing
### delivered June 6, 1977

Rehearing denied.

On petition for rehearing, appellee files copy of notice of cross-appeal which was given in this case on May 3, 1976, and which was apparently mistakenly left out of the record. It is argued that the issue raised on the cross-appeal is of public interest and that the Court should permit appellee and cross-appellant to supplement the original record, adding the notice of cross-appeal which was erroneously omitted. We decline to do so, but add that the majority of the Court are of the view that the chancellor's holding was entirely correct. Rehearing denied.

HARRIS, C.J., and BYRD, J., would grant the rehearing.