Bill CLINTON, Governor of the State of Arkansas, and J. Steven CLARK, Attorney General of the State of Arkansas, v. Tom TAYLOR

84-284                                          681 S.W.2d 338

Supreme Court of Arkansas
Opinion delivered December 17, 1984

*Steve Clark*, Att'y Gen., by: *Curtis L. Nebben*, Deputy Att'y Gen., for appellant.

*Murray F. Armstrong*, for appellee.

ROBERT H. DUDLEY, Justice. The first fourteen sections of Act 922 of 1983 contain an appropriation for the judicial retirement system. Sections 15 and 16 of the same act change Cleveland County from one judicial district to another. The appellee filed suit seeking to have Sections 15 and 16 of the act declared in violation of article 5, § 30 of the Constitution of Arkansas. That constitutional provision is as follows:

> § 30.  General and special appropriations. — The general appropriation bill shall embrace nothing but appropriations for the ordinary expense of the executive, legislative ànd judicial departments of the State; all other appropriations shall be made by separate bills, *each embracing but one subject.* (emphasis added)

The trial court held that Sections 15 and 16 were in violation of the constitution but, because of the severability clause, · the remainder of the act was unaffected by the decision. We affirm. Jurisdiction to construe the act and the constitution is in this court. Rules 29(1)(a) and (c).

Sections 20 and 22 of Article V of the Constitution of 1868, when construed together, constituted a provision similar to the one in our present constitution. In considering the purpose of the language in the earlier constitution, we held that there must be a unity of subject which prevents omnibus bills in which proponents of one subject could be united with the proponents of another subject and, together, the proponents of the various subjects would unite to carry through bills which, alone, could not have passed. *Fletcher* v. *Oliver*, 25 Ark. 289 (1868) and *Palmore* v. *State*, 29 Ark. 248 (1874). Under the present constitution, all appropriation bills must be limited to a unity of ·subject. *State* v. *Sloan*, 66 Ark. 575, 53 S.W. 47 (1899). Changing Cleveland County from one judicial district to another is not related by subject matter to the appropriations for the judicial retire-

ment system because the separate provisions cannot be said to accomplish a purpose of one design. *See Cottrell* v. *Faubus*, 233 Ark. 721, 347 S.W.2d 52 (1961).

Affirmed.

HOLLINGSWORTH, J., dissents.

P. A. HOLLINGSWORTH, Justice, dissenting. I do not agree with the Court on the conclusion that changing a county from one judicial district to another is not related to appropriations for the judicial retirement system. The opponents of this act contend that the unity of subject required by article 5, section 30 is violated by the realignment of counties. However, as stated in *State* v. *Sloan*, 66 Ark. 575, 53 S.W.47 (1899), "The unity of the subject of an appropriation is not broken by appropriating several sums for several specific objects, which are necessary or convenient or tend to the accomplishment of one general design, notwithstanding other purposes that the main design may be thereby subserved." The general subject matter here is the state judiciary system. In *Hooker* v. *Parkin*, 235 Ark. 218, 357 S.W.2d 534 (1962), we set forth a topical approach test in interpreting the "unity of subject" clause. In dealing with an educational appropriation, we said, "we can find no limitation in the State Constitution that would prohibit the Legislature from treating all educational functions as one subject." This act deals solely with the state judiciary. None of the undesirable practices such as "logrolling" or "pork barrel" legislation, which is the purpose of article 5, section 30, are present here. Unless we are preserving some other constitutionally protected interest, we should uphold the act. I would reverse.