FIRST NATIONAL BANK of Stuttgart *v.* Bill CLINTON

90-247                                              802 S.W.2d 928

Supreme Court of Arkansas
Opinion delivered February 4, 1991

*Arnold, Grobmyer & Haley*, by: *Robert R. Ross* and *Lee S. Thalheimer*, for appellant.

*Ron Fields*, Att'y Gen., by: *C. Kent Jolliff*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Act 829 of 1989, the Arkansas Farm Mediation Act, was passed in the 1989 regular session of the General Assembly. It is codified as Ark. Code Ann. §§ 2-7-101 to -310 (Supp. 1989). Under section 4 of the Act, Ark. Code Ann. § 2-7-302 (Supp. 1989), a foreclosure or other similar proceeding which is brought against a farmer and involves $20,000.00 or more cannot be commenced without first satisfying specified mediation requirements. Section 11 of the Act, Ark. Code Ann. § 2-7-103 (Supp. 1989), exempted commercial banks from the mediation requirement. A separate, but companion appropriations act, Act 828 of 1989, appropriated funds to the Arkansas Development Finance Authority to operate the program.

Subsequently, an attorney with the United States Department of Agriculture informed the state mediation agency that the section 11 exemption of commercial banks from the mediation requirements would "disqualify the state mediation program for federal matching grants under §§ 501 and 502 of the Agriculture Credit Act of 1987." The director of the state program understood that without the federal matching funds, which had been appropriated in Act 828, there would not be enough money to pay the regular salaries, maintenance, and operation of the program. Thus, it was decided to seek repeal of the section 11 exemption.

In the meantime, this Court declared that all appropriations acts passed during the 1989 regular session were invalid, *Fisher* v. *Perroni*, 299 Ark. 227, 771 S.W.2d 766 (1989), and the Governor called a special session to reenact all of the improperly passed appropriations bills. Item 54 of the Governor's call provided:

> To make an appropriation for Personal Service and Operating Expenses of the Arkansas Development Fi-

nance Authority for the biennial period ending June 30, 1991, as enacted in Act 828 of 1989.

The special session was convened, and Act 36 was enacted. It, in effect, reenacted Act 828 of the regular session, the appropriations act. However, section 16 of Act 36 of the special session, Ark. Code Ann. § 2-7-103 (Supp. 1989), repealed the section 11 exemption for commercial banks.

The appellant, a commercial bank, filed suit asking for a judgment declaring that the repeal of the section 11 exemption was invalid. The Chancellor held that section 16 of Act 36 of the special session was validly passed. We affirm that decision.

Appellant first argues that the repeal of the exemption for commercial banks violated article 6, section 19 of the Constitution of Arkansas, which provides that "no other business than that set forth therein [in the Governor's proclamation] shall be transacted. . . ." In short, appellant contends that the repeal of the commercial bank exemption was not within the purview of the call.

The purpose of article 6, section 19 is to prevent the enactment of laws which do not have any connection or relation to the subjects embraced in the proclamation. *McCarroll* v. *Clyde Collins Liquors, Inc.*, 198 Ark. 896, 132 S.W.2d 19 (1939). It does not have as its purpose the prohibition of laws which necessarily or incidentally arise out of the subjects described in the call. On the contrary, such bills arising out of the call may be validly enacted. *McCarroll* v. *Clyde Collins Liquors, Inc., supra.* In determining whether an act incidentally arose out of the subjects described in the call, we must be practical, and we give "extensive latitude or wide range" to the General Assembly in determining what comes within the purview of the call. *Pope* v. *Oliver*, 196 Ark. 394, 117 S.W.2d 1072 (1938).

The commercial bank exemption in the Farm Mediation Act was repealed in the special session to make the state farm mediation program eligible to receive federal matching funds. The purpose of item 54 of the call was to make an appropriation, which included the federal matching funds, for the state farm mediation program. Thus, the repeal provision constituted a necessary detail in accomplishing the purpose of the call. It was

within the purview.

Appellant next argues that the repeal of the commercial bank exemption violates the single subject requirement of article 5, section 30 of the Constitution of Arkansas. The provision is as follows:

The general appropriation bill shall embrace nothing but appropriations for the ordinary expense of the executive, legislative and judicial departments of the State; all other appropriations shall be made by separate bills, each embracing but one subject.

In *Cottrell* v. *Faubus*, 233 Ark. 721, 347 S.W.2d 52 (1961), we explained that the purpose of the above constitutional provision is "to prevent the inclusion of separate and unrelated appropriations in a single bill, because that practice opens the door to the evils that have come to be known as logrolling and pork barrel legislation."

Further, in *Reid* v. *Jones*, 261 Ark. 550, 551 S.W.2d 191 (1977), we explained that under similar unity of subject clauses, courts have uniformly held that the unity of the subject of an act was preserved so long as the different parts of the act relate, directly or indirectly, to the same general object fairly indicated by its title.

Here, the title of Act 36 is:

"AN ACT TO MAKE AN APPROPRIATION FOR PERSONAL SERVICES AND OPERATING EXPENSES OF THE ARKANSAS DEVELOPMENT FINANCE AUTHORITY FOR THE BIENNIAL PERIOD ENDING JUNE 30, 1991; AND FOR OTHER PURPOSES."

The general object of Act 36 of the special session is to provide funding for the farm mediation program. The repeal of the commercial bank exemption was to secure federal matching funds and is directly related to the funding of the farm mediation program. Thus, it does not violate the single subject requirement of the constitution.

Affirmed.

HOLT, C.J., and BROWN, J., not participating.