The Honorable Bill Clinton Governor of Arkansas State Capital Little Rock, Arkansas 72201
Dear Governor Clinton:
This is in response to your request for an opinion concerning two amendments to Senate Bill 595, the appropriation bill for the Arkansas Department of Health. You note that the two amendments deal with the protection of cigarette smokers and at least one of them is very similar to a bill you vetoed earlier this session. Specifically, one of the amendments provides that cities, towns and counties may enact ordinances regarding the use of tobacco products, but shall not make them more stringent than Arkansas law. The other prohibits employers from refusing to hire any individual on the basis of whether that individual is a smoker or nonsmoker, and prohibits an employer from requiring as a condition of employment that an employee abstain from smoking or using tobacco products during nonworking hours.
Your question is whether the inclusion of these amendments in Senate Bill 595 would impermissibly expand the subject of that appropriation bill in violation of Arkansas Constitution, Art. 5, § 30.
It is my opinion that the answer to your question is "yes," the inclusion of either of these bills would violate the "unity of subject" rule encompassed in Art. 5, § 30. That provision provides in pertinent part that:
 all other appropriations [other than the general appropriations bill] shall be made by separate bills, each embracing but one subject.
It has been held that in order to comply with this provision, sections of an appropriation bill must be said to "accomplish a purpose of one design." Clinton v. Taylor, 284 Ark. 238,681 S.W.2d 338 (1984). It has also been held that the constitutional test is met:
 so long as the different parts of the act relate, directly or indirectly, to the same general object fairly indicated by its title; and that the unity of object must be looked for in the ultimate end, and not in the details or steps leading to the end; for it is within the province of the legislature to determine and provide what means will contribute to the accomplishment of the general object of an act, and it may include under its title every means convenient or necessary or that might tend to carry into effect the main design, without regard to the secondary objects thereby accomplished.
Reid v. Jones, 261 Ark. 550, 551 S.W.2d 191 (1977), citingState v. Sloan, 66 Ark. 575, 53 S.W. 37 (1899).
It has been said, additionally, that the purpose of this provision is to prevent "logrolling" and "pork barrel" legislation. Cottrell v. Faubus, 233 Ark. 721, 347 S.W.2d 52
(1961). The court therein quoted two former Arkansas cases which stated that:
 The object of this clause was to prevent combinations, by which various and distinct subjects or legislation should gain support, which they could not if presented separately. . . . The constitution required singleness of subject, to prevent omnibus bills, by which various distinct schemes could be united in one bill, and the like, and the friends of separate measures be thus united to carry through measures which, alone, could not be passed.
233 Ark. at 723, citing Fletcher v. Oliver, 25 Ark. 289
(1868), and Palmore v. State, 29 Ark. 248 (1874).
Applying the concepts set out above to the amendments in question, it is clear that the inclusion of either of the amendments to Senate Bill 595 would violate our constitution. Senate Bill 595 contains the appropriation for the various divisions and programs for the Arkansas Department of Health. None of these programs is even remotely related to the protection of smokers' rights or the ability of cities and counties to enact ordinances regarding the use of tobacco products. It cannot be said that the two subjects accomplish a purpose of one design. It is my opinion, rather, that the amendment of Senate Bill 595 in this manner would constitute exactly the type of pernicious logrolling Art. 5, § 30 was intended to prevent.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb