The Honorable Carol "Coach" Henry State Representative 2213 Ozark Drive North Little Rock, AR 72116-4581
Dear Representative Henry:
This is in response to your request, on behalf of Maumelle Municipal Judge David Pake, for an opinion regarding Act 860 of 1993 (Senate Bill 262). The original bill was an appropriation bill for the payment of approved claims by the Arkansas State Claims Commission. Section 29 of the act contains a provision which states in part that:
 No state employee shall serve both in a full-time quasi judicial position, or in a full-time position which provides legal assistance to a quasi judicial position, in the State Claims Commission, Arkansas Public Service Commission, Workers Compensation Commission, State Department for Social Security Disability Determination or any other quasi judicial agency, department or commission and also serve as an elected judge.
In correspondence attached to your request, it is indicated that Judge Pake is currently employed full-time as an Attorney Specialist in the Workers' Compensation Commission. Judge Pake also serves as the elected Maumelle Municipal Judge. The judge has posed several questions about the legality of Section 29 of Act 860 and about its effect on his employment.[1]
It is my opinion that Section 29 of Act 860 is constitutionally suspect as an impermissible expansion of the subject of the appropriation bill in violation of Arkansas Constitution, Art. 5, § 30.
The "unity of subject" rule encompassed in Art. 5, § 30 provides in pertinent part that:
 all other appropriations [other than the general appropriations bill] shall be made by separate bills, each embracing but one subject.
It has been held that in order to comply with this provision, sections of an appropriation bill must be said to "accomplish a purpose of one design." Clinton v. Taylor, 284 Ark. 238,681 S.W.2d 338 (1984). See also Op. Att'y Gen. 91-086. It has also been held that the constitutional test is met:
 so long as the different parts of the act relate, directly or indirectly, to the same general object fairly indicated by its title; and that the unity of object must be looked for in the ultimate end, and not in the details or steps leading to the end; for it is within the province of the legislature to determine and provide what means will contribute to the accomplishment of the general object of an act, and it may include under its title every means convenient or necessary or that might tend to carry into effect the main design, without regard to the secondary objects thereby accomplished.
Reid v. Jones, 261 Ark. 550, 552, 551 S.W.2d 191 (1977),citing State v. Sloan, 66 Ark. 575, 53 S.W. 37 (1899).
In Cottrell v. Faubus, 233 Ark. 721, 347 S.W.2d 52 (1961), the court noted that this provision "was to prevent combinations, by which various and distinct subjects of legislation should gain support, which they could not if presented separately."233 Ark. at 723, citing Fletcher v. Oliver, 25 Ark. 289 (1868). "The constitution required singleness of subject, to prevent omnibus bills, by which various distinct schemes could be united in one bill, and the like, and the friends of separate measures be thus united to carry through measures which, alone, could not be passed." 233 Ark. at 723, citing Palmore v. State,29 Ark. 248 (1874).
While cases in Arkansas are legion for the principle of law to the effect that acts of the legislature are presumed to be constitutional, nevertheless "[t]he presumption does not apply, or its operation is given a narrower scope, where the statute shows on its face a violation of constitutional provisions; nor does it apply where such a presumption would defeat constitutional provisions." 16 C.J.S. Constitutional Law § 99.
Applying the concepts set out above to Section 29 of the act in question, it is my opinion that this provision of the appropriations bill is suspect under Art. 5, § 30 of the state constitution. The original bill contained appropriations for the payment of approved claims by the Arkansas State Claims Commission. Section 29 of the act provides that no state employee will serve both in a full-time quasi judicial or legal assistant position in certain specified state agencies "or any other quasi judicial agency, department or commission" of the state, and also serve as an elected judge. The only connection between the two provisions is, in my opinion, remote at best: the appropriations allowed are for the payment of claims against the state and the prohibition against the dual employment is directed to employees of, among others, the State Claims Commission. It may well be, in my opinion, that the two subjects do not accomplish a purpose of one design. It is my opinion, rather, that Section 29 of Act 860 is constitutionally suspect under Art. 5, § 30.
In light of this conclusion, resolution of the remaining questions is unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:SLD/cyh
[1] You have not inquired whether serving as an elected judge and holding the position of full-time attorney for a state agency violates any other law, e.g., the separation of powers doctrine, any duality of service prohibition, or the Code of Judicial Conduct. Accordingly, I have expressed no opinion on this issue and this opinion should not be construed to conclude that such dual service is otherwise valid.