The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, AR 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion regarding the minimum corporate franchise tax. You have posed the following specific two-part question:
 What is the correct amount of the minimum corporate franchise tax and the appropriate disposition of any excess tax determined to have been collected?
In response to the first part of your question, it is my opinion that the correct amount of the minimum corporate franchise tax is $59.00.
Acts 1987 (1st Ex. Sess.), No. 29, § 1, codified at A.C.A. §26-54-104(a), provided for an increase in the minimum corporate franchise tax from $17.00 to $50.00. In 1993, section (b) was added to A.C.A. §26-54-104, providing for an additional $3.00 charge. This charge was designated for funding the Signature Imaging System. See Acts 1993, No. 1285, §§ 3 and 4.
Your question appears to focus on the provisions of Act 50 of 1993, which authorized funding for certain highway and transportation projects. The specific inquiry seems to be whether Act 50 provides for a $6.00 charge in addition to the minimum charge provided for in A.C.A. § 26-54-104.
It is my opinion that Act 50 does provide for an additional $6.00 charge. The first clause of Section 3 of Act 50 provides that the first $150,000.00 for the highway and transportation projects shall be funded from "the increase" authorized by A.C.A. § 26-54-104. This reference to "the increase" cannot be a reference to the $3.00 increase added in 1993, because that $3.00 amount had already been designated for the Signature Imaging System. The reference also cannot be a reference to the increase from $17.00 to $50.00 enacted in 1987, because that increase is designated in the third clause of Section 3 of Act 50 for funding the remaining $200,000.00 of the highway and transportation projects. Accordingly, it must be concluded that "the increase" referred to in the first clause of Section 3 of Act 50 is the $6.00 amount referred to therein, and that therefore the $6.00 is a charge in addition to the $53.00 minimum corporate franchise tax provided for in A.C.A. §26-54-104.
It is therefore my opinion that the correct amount of the minimum corporate franchise tax is $59.00. However, because Act 50 is an appropriation act that includes a substantive provision (the creation of the additional $6.00 charge), a reference to Article 5, § 30 of the Arkansas Constitution is indicated. This constitutional provision states:
 The general appropriation bill shall embrace nothing but appropriations for the ordinary expense of the executive, legislative and judicial departments of the State; all other appropriations shall be made by separate bills, each embracing but one subject.
Ark. Const., Art. 5, § 30.
This section of the constitution is the basis for the "unity of subject" rule, which generally prohibits combinations of unrelated provisions in an appropriations bill. The Arkansas Supreme Court has held that in order to comply with the provisions of Article 5, § 30, the various sections of an appropriations bill must be said to "accomplish a purpose of one design." Clinton v. Taylor, 284 Ark. 238, 681 S.W.2d 338 (1984). The court has further explained the doctrine, stating that the constitutional test is met:
 `. . . so long as the different parts of the act relate, directly or indirectly, to the same general object fairly indicated by its title; and that the unity of object must be looked for in the ultimate end, and not in the details or steps leading to the end; for it is within the province of the legislature to determine and provide what means will contribute to the accomplishment of the general object of an act, and it may include under its title every means convenient or necessary or that might tend to carry into effect the main design, without regard to the secondary objects thereby accomplished.'
Reid v. Jones, 261 Ark. 550, 552, 551 S.W.2d 191 (1977), citing State v.Sloan, 66 Ark. 575, 53 S.W.2d 37 (1899). The purpose of Article 5, § 30 is to prevent "logrolling" or "pork barrel legislation," i.e., the combination of distinct and separate legislation, for the purpose of gaining support, where the various sections would not have passed alone.See Cottrell v. Faubus, 233 Ark. 721, 347 S.W.2d 52 (1961).
Finally, the court has stated that Article 5, § 30 does not prohibit the inclusion of a substantive provision in an appropriation bill if "all [provisions] relate to but one subject." Arkansas Motor Carriers Ass'n v.Pritchett, 303 Ark. 620, 798 S.W.2d 918 (1990).
It is my opinion that Act 50 would in all likelihood withstand a constitutional challenge, following the above principles. The act is presumed constitutional, and the party challenging it would have the burden of proving that it is unconstitutional. See generally Cozad v.State, 303 Ark. 137, 792 S.W.2d 606 (1990).
In light of the above, it is unnecessary for me to address the second part of your question (i.e., what is the appropriate disposition of any excess tax determined to have been collected).
However, because of the unity of subject issue indicated by the inclusion in Act 50 of a substantive provision, I believe that the matter should be dealt with in the upcoming legislative session. Optimally, the $6.00 increase should be relocated to the substantive franchise tax statute.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh