PERKINS, adm'r, vs. DuVal, adm'r.

STATUTES: *Enactment of under the Constitution of 1868.*

The first section of an act of the Legislature entitled "An Act to enlarge the jurisdiction of Probate Courts," approved the 16th of March, 1871, declares the subjects of which the Probate Court shall have jurisdiction; the second and third sections regulate the manner of taking an appeal to the Circuit Court: *Held* that they were not foreign to the subject indicated in the title to the act, or repugnant to section 22, article 5, of the Constitution of 1868, which provides that no act shall embrace more than one subject, which shall be embraced in its title. Neither was it repugnant to section 23, of said article, which provides that no law shall be revised, altered or amended by reference to its title only.

APPEAL from *Sebastian* Circuit Court.

Hon. THOMAS H. BARNES, Special Judge.

*Wm. Walker*, for appellant.

*Rose*, contra.

Perkins, adm'r, vs. DuVal, adm'r.

ENGLISH, CH. J.:

On the 12th day of September, 1871, Ben. T. DuVal, as administrator of Marcellus DuVal, deceased, obtained the allowance and classification of a claim against the estate of Marshall Grimes, deceased, in the Probate Court of Sebastian County.

It seems that on the 4th of November, 1871, Charles Perkins, the administrator of the estate of Grimes, filed a transcript of the order of allowance in the office of the Clerk of the Circuit Court of Sebastian County, Fort Smith District, upon which the clerk of the court made the following endorsement:

"On filing the within transcript in my office, an appeal is hereby allowed to the Circuit Court, this 4th day of November, 1871."

The case seems to have been placed on the docket, as upon appeal from the Probate Court, and at a subsequent term, DuVal filed a motion to dismiss the appeal, "because said appellant did not make an affidavit that the appeal taken by him was not made for delay or vexation, but that justice might be done, and file the said affidavit with the clerk of the court at the time of taking said appeal, as required by law; and because the court had no jurisdiction of the cause."

The court sustained the motion, dismissed the appeal, and struck the cause from the docket for want of jurisdiction.

Perkins excepted to the decision of the court, took a bill of exceptions, setting out the facts, and appealed to this court.

Section 3, of the act of March 16th, 1871, (Acts of 1871, p. 18) required a party appealing from a judgment of the Probate to the Circuit Court, to file with the clerk of the Circuit Court an affidavit that the appeal was not taken for delay or vexation, but that justice might be done. This act was made, by its last section, to take effect thirty days after its passage, and had been in force more than five months when the appeal in this case was taken from the Probate to the Circuit Court.

The filing of the affidavit required by the statute (unless waived by appellee, *Wilson* v. *Dean*, 10 Ark., 308) was a prerequisite to the allowance of the appeal, and appellant having failed to file such affidavit, the appeal was not perfected, and the Circuit Court acquired no jurisdiction of the cause. *Town* v. *Wilson*, 7 Ark., 386; *McJenkin* v. *State Bank*, id., 232; *State Bank* v. *Hinchcliffe*, 4 Ark., 444.

The counsel for appellant submits that the act of March 16th, 1871, is repugnant to sections 22 and 23, article 5, of the Constitution of 1868, which was in force when the act was passed.

Section 22 provides that: "No act shall embrace more than one subject, which shall be embraced in its title."

In *Fletcher* v. *Oliver*, 25 Ark., 298, the Chief Justice, delivering the opinion of the court, said: "The object of this clause of the Constitution was to prevent combinations, by which various and distinct subjects of legislation should gain support, which they could not if presented separately."

And in *Palmore* v. *The State*, 29 Ark., 252, the special judge (Hon. SAM. W. WILLIAMS) commenting on the same clause of the Constitution, said: "The Constitution required singleness of subject, to prevent omnibus bills, by which various distinct schemes could be united in one bill, and the like, and the friends of separate measures be thus united to carry through measures, which, alone, could not be passed."

The title to the act now in question is: "*An act to enlarge the jurisdiction of the Probate Courts.*"

Section 1 declares the subject matters of which the Probate Courts shall have jurisdiction, and sections 2 and 3 prescribe the manner in which appeals may be taken from the Probate to the Circuit Courts, and for trials *de novo* in the latter courts, etc.

The subject of legislation, as indicated in the title, was the jurisdiction of the Probate Courts, and the sections of the act

prescribing the manner in which their exercise of that jurisdiction was to be reviewed by the Circuit Courts were not foreign, but germain to the subject of legislation indicated in the title of the act.

Section 23, of article 5, of the Constitution of 1868, declares that: "No law shall be revised, altered, or amended, by reference to its title only, but the act revised, and the section or sections of the act as altered or amended, shall be enacted and published at length."

In *Palmore* v. *The State*, the special judge, commenting on this section of the Constitution, said: "Its object was to prevent that system of amendments, which, instead of inserting the amendment or alteration, together with so much of the old law as was retained, provided, in terms directory, that a given law should not be amended as follows: In a given section or line strike out given words and insert others, leaving the court, by this direction, to make the amendment itself, and make a new law out of the two. This Constitutional provision intends to check all that kind of legislation, and requires the Legislature to give us, in the old and new put together, what the new law is intended to be."

A glance at the act of March 16th, 1871, will show that it is not repugnant to the section of the Constitution in question as interpreted in the opinion quoted from.

The act does not revise, alter or amend any law by reference to its title, but it is a new act, declaring what subjects shall be within the jurisdiction of the Probate Courts, and regulating the manner of taking appeals from their judgments to the Circuit Courts, and the mode of trial, etc., on such appeals, matters that were in confusion under the Civil Code, as shown in *Yoes, adm'r.*, v. *Moore & Kidd, adm'rs.*, 29 Ark., 125.

Judgment affirmed.