Jimmie Lou FISHER, Treasurer of the State of Arkansas, et al. *v.* Samuel A. PERRONI, et al.

89-166                                              771 S.W.2d 766

Supreme Court of Arkansas
Opinion delivered June 19, 1989

*Steve Clark*, Att'y Gen., by: *Jeffrey A. Bell*, Deputy Att'y Gen.; *J. Mark Lewis*, Asst. Att'y Gen.; and *Joseph V. Svoboda*, Asst. Att'y Gen., for appellants; and *John H. Theis*, Deputy Chief Counsel, and *Rick Pruett*, Counsel, for appellant Revenue Division.

*Dodds, Kidd, Ryan & Moore*, by: *Richard N. Moore, Jr.*, for appellee.

ROBERT C. COMPTON, Special Chief Justice. Appellants are

officials of the State of Arkansas. Appellees are businessmen and taxpayers of the State of Arkansas. This case was brought against appellants in their official capacities, seeking declaratory and injunctive relief. The trial court entered a Summary Judgment and Order holding that Act 43 of 1989 violates Article 5, Section 39, of the Arkansas Constitution because it failed to receive a vote of three-fourths of the members elected to each House of the General Assembly.

The Summary Judgment and Order also holds that all other subsequently enacted appropriation acts of 1989 violate Article 5, Section 40, of the Arkansas Constitution because the General Appropriation Bill was not properly passed first by the General Assembly as required by Article 5, Section 40. The appellants were then enjoined from dispensing any state funds provided for in those appropriation acts. From that Summary Judgment and Order this appeal is taken.

The determination of the issues raised by this appeal require this court to review and apply the following provisions of the Constitution of Arkansas:

> Article 5, Section 30. *General and special appropriations.* The general appropriation bill shall embrace nothing but appropriations for the ordinary expense of the executive, legislative and judicial departments of the State; all other appropriations shall be made by separate bills, each embracing but one subject.

> Article 5, Section 39. *State expenses — Limitation — Exceptions.* Excepting monies raised or collected for educational purposes, highway purposes, to pay Confederate pensions and the just debts of the State, the General Assembly is hereby prohibited from appropriating or expending more than the sum of Two and One-Half Million Dollars for all purposes, for any biennial period; provided the limit herein fixed may be exceeded by the votes of three-fourths of the members elected to each House of the General Assembly. [As added to Art. 5 by Const. Amend. 19.]

> Article 5, Section 40. *General appropriation bill — Enactment.* In making appropriations for any biennial

period, the General Assembly shall first pass the General Appropriation Bill provided for in Section 30 of Article 5 of the Constitution, and no other appropriation bill may be enacted before that shall have been done. [As added to Art. 5 by Const. Amend. 19.]

■ There is a strong presumption of constitutionality and validity attendant to every legislative enactment, and all doubt concerning an act must be resolved in favor of its constitutionality. *Redding* v. *State*, 254 Ark. 317, 493 S.W.2d 116 (1973); *Stone* v. *State*, 254 Ark. 1011, 498 S.W.2d 634 (1973); *Davis* v. *Cox*, 268 Ark. 78, 593 S.W.2d 180 (1980). An act will not be held unconstitutional "unless there is a clear incompatability between the act and the Constitution; . . . the elementary rule is that every reasonable construction must be resorted to in order to save the statute from unconstitutionality." *Bush* v. *Martineau*, 174 Ark. 214 at 216, 295 S.W. 9 (1927).

The appellants argue that *Smith* v. *Page*, 192 Ark. 342, 91 S.W.2d 289 (1936), holds that an appropriation for constitutional officers' salaries and expenses is a just debt of the state, and therefore pursuant to Article 5, Section 39, such appropriation requires only a majority vote of each House of the General Assembly.

However, the holding in *Smith* v. *Page, supra,* is that an appropriation for salaries of constitutional officers is self-executing and the passage of a supporting appropriation bill is unnecessary. Even if such salaries are just debts of the state, this court has previously ruled in *Humphrey, State Auditor* v. *Garrett*, 218 Ark. 418, 236 S.W.2d 569 (1951), that Article 5, Section 39, requires a vote of three-fourths of the membership of both Houses of the General Assembly for passage of an appropriation bill. In *Humphrey, supra,* the appropriation was for educational purposes. However, the same reasoning applies to an appropriation for a just debt.

*Humphrey* also holds that Article 5, Section 39, authorizes passage of appropriations by a bare majority only from "monies *raised or collected* for educational purposes . . . and the just debts of the state." (Emphasis ours.) This section does not allow appropriation by a bare majority of more than $2,500,000.00 from any other source regardless of the purpose of the expendi-

ture. Act 43 of 1989 appropriates from fund sources other than those enumerated in Article 5, Section 39, and even if the constitutional officers' salaries are "just debts" of the state as the appellants argue, appropriation for them must be by three-fourths vote of both houses.

Additionally, the *Humphrey* court said:

> The wisdom of the policy that burdens appropriations with this handicap may be questioned and the procedure criticized, yet the fact remains that in 1934 the electorate adopted the amendment by a vote of 99,223 to 25,496 — a majority of almost four to one. 218 Ark. at 420.

■ Regardless of our personal preferences and the cumbersome nature of the Constitution of 1874, with its many amendments, we are compelled to hold that Act 43 of 1989, lacking the requisite three-fourths vote, is invalid.

The appellants also argue that even if Act 43 did not receive a three-fourths vote, it "passed" both Houses of the General Assembly. We cannot agree.

Black's Law Dictionary defines "passed" thusly:

> "In legislative parlance, a bill or resolution is said to pass when it is agreed to, or enacted by the House, or when the body has sanctioned its adoption by the *requisite majority of votes*." [Emphasis ours.]

■ Article 5, Section 40, states that the General Assembly *shall first pass* the General Appropriation Bill before any other appropriation bill may be enacted. Here the requisite majority is three-fourths of the membership. The bill did not pass.

For the reasons stated, the order of the lower court must be affirmed and the clerk is directed to issue an immediate mandate.

Special Justice LONNIE C. TURNER dissents.

HOLT, C.J., HICKMAN, PURTLE, DUDLEY, HAYS, NEWBERN, and GLAZE, JJ., not participating.

Special Justices BILL WALMSLEY, SAM ED GIBSON, BERLIN JONES, GEORGIA ELROD and JUDY STROTHER join in this opinion.

LONNIE C. TURNER, Special Justice, dissenting. Article 5,

Section 31 provides that any appropriation would require a two-thirds vote of the majority unless it falls within the exceptions therein contained: (1) for payment of the just debts of the State, (2) for defraying the necessary expenses of government, (3) to sustain the common schools, (4) to repel invasion and (5) to suppress insurrection; then only a majority vote is required.

Article 5, Section 39 (from Amendment 19) provides two additional exceptions (1) money raised or collected for highway purposes and (2) moneys raised or collected for confederate pensions. It places additional restrictions on the common schools and the just debts of the State by requiring that these two likewise be by funds raised or collected for their purposes. It did not disturb necessary expenses of government, repel invasions or suppress insurrections. *Humphreys* v. *Garrett* does not apply.

After these exceptions the general assembly may not spend more than 2.5 million unless they by three-fourths vote raise the limit. It could then be appropriated by two-thirds vote under Article 5, Section 31.

Act 43 of 1989 appropriates funds for the executive, legislative and judicial; constitutionally mandated offices; therefore I would find it for defraying the necessary expenses of government requiring only a majority vote.