ARKANSAS MOTOR CARRIERS ASSOCIATION,
INC., and Donnie Hodges *v.* Raymond PRITCHETT, in his
official capacity as Chairman of the Arkansas State
Highway Commission; Ron Harrod, Rodney Slater, L.W.
"Bill" Clark, and Bobby Hopper, in their official capacities
as Commissioners of and for the Arkansas State Highway
Commission; Maurice Smith, in his official capacity as
Director of the Arkansas Highway and Transportation
Department; Arkansas State Highway Commission;
Arkansas Highway and Transportation Department; Bill
Clinton, in his official capacity as Governor of the State of
Arkansas; Jimmie Lou Fisher, in her official capacity as
Treasurer of the State of Arkansas; Julia Hughes Jones, in
her official capacity as Auditor of the State of Arkansas;
Jim Pledger, in his official capacity as Acting Director of
the Department of Finance and Administration; Tim
Massanelli, Coordinator of House Legislative Services; and
Hal Moody, Secretary of the Senate, Appellees, and Union
Pacific Railroad Company, Intervenor

90-99                                                    798 S.W.2d 918

Supreme Court of Arkansas
Opinion delivered November 12, 1990
[Rehearing denied December 17, 1990.*]

---

*Hays, J., not participating.

*Kemp, Duckett, Hopkins & Spradley*, for appellants.

*John Theis, Philip Raia, Robert L. Jones, William Keadle, Cora Gentry, David Kaufman, Malcolm Bobo*, and *Beth B. Carson*, by: *Rick L. Pruett*, for appellee Jim Pledger, Director, Arkansas Department of Finance and Administration.

*Robert L. Wilson*, Chief Counsel; *Tom G. Lorenzo*; and *Treeca J. Dyer*, AHTD Legal Division, for separate Highway appellees.

*Friday, Eldredge & Clark*, by: *Herschel H. Friday, Michael G. Thompson*, and *Robert S. Shafer*, for intervenor-appellee Union Pacific Railroad Company.

HERMAN L. HAMILTON, JR., Special Justice. Act 959 of 1989 made various appropriations for the Arkansas Highway and Transportation Department (AHTD) and, in Section 23, abolished the Transportation Safety Agency (TSA) and the Transportation Regulatory Board (TRB) and transferred their duties to the AHTD and the Arkansas Highway Commission (AHC). Appellants filed suit to prohibit disbursements and to enjoin other actions under Act 959.

Prior to any determination by the trial court, in *Fisher* v. *Perroni*, 299 Ark. 227, 771 S.W.2d 766 (1989), we invalidated all appropriation acts of the 1989 Regular Session of the General Assembly, including Act 959.

The Governor then issued a call for an Extraordinary

Session of the General Assembly and included item 151, as follows:

"To make an appropriation for Personal Services and Operating Expenses of the Highway and Transportation Department for the biennial period ending June 30, 1991,, as enacted in Act 959 of 1989."

During the Extraordinary Session, the General Assembly enacted Act 67 of the First Extraordinary Session of 1989, a verbatim reenactment of Act 959, including section 23, and also Act 153 of the First Extraordinary Session of 1989. In Section 1, Act 153 announced that its purposes were to reenact that portion of Act 959 relating to the abolishment of TSA and TRB and to clarify provisions relating to transfer of their duties and functions to AHC.

Appellants then amended their complaint, challenging Acts 67 and 153 on various constitutional grounds. Issues were joined and all parties filed motions for summary judgment. The trial court denied Appellants' motion and granted Appellees' motion for summary judgment. That decision is affirmed.

For reversal, Appellants rely on six points alleging violations of the Arkansas Constitution of 1874. They contend: (1) Acts 67 and 153 violate the "separation of powers" required by Article 4, §§ 1 and 2; (2) Act 67 is an appropriation bill, embracing more than one subject, violating Article 5, § 30; (3) Act 153 was not within call item 151, violating Article 6, § 19; (4) Act 153 authorizes use of tax revenues for purposes unrelated to the purpose for which levied, violating Article 16, § 11; (5) Section 23 of Acts 959 and 67 amends existing law by reference only, violating Article 5, § 23; and (6) Section 23 of Act 959 was added by amendment prior to passage and is not germane to the subject of the Act, violating Article 5, § 21.

## I. SEPARATION OF POWERS

Appellants first argue that TSA and TRB, created by legislative acts, are arms of the legislature and that AHC and AHTD are divisions of the executive branch of government. Appellants contend that for the executive branch to exercise duties and powers of TSA and TRB violates the doctrine of separation of powers and that legislative delegation of powers by

Acts 959, 67, and 153 improperly invades the separated departments of government.

Article 4, in §§ 1 and 2, of the Arkansas Constitution of 1874, provides for three distinct departments, legislative, executive, and judicial, and prohibits a person or collection of persons of one department from exercising any powers belonging to either of the others.

In *Parkin Printing & Stationary Co.* v. *Arkansas Printing & Lithographing Co.,* 234 Ark. 697, 354 S.W.2d 560 (1962), we characterized AHC as a subdivision of the executive department. The point of that decision was to prevent AHC, as well as other governmental agencies, from being free of constraints upon bidding and insider business dealings. It is more proper to characterize AHC as an agency of government, whose total duties and responsibilities may not all belong to any one department, than label it an arm of either the executive branch or the legislative branch.

■ The real issue deals with a review of the powers of governmental agencies and boards, not necessarily with their characterization as a branch of either of the departments of government. Administrative agencies may possess a combination of powers from the coordinate branches without violating the separation of powers principle. 1 Am. Jur. 2d *Administrative Law* §§ 76-77 (1962).

■ There are agencies which possess only legislative character granted by the General Assembly. We recently held the legislature can create an agency which is an arm of and subject to review only by the legislature. *Fireman's Ins. Co.* v. *Arkansas State Claims Commission,* 301 Ark. 451, 784 S.W.2d 771 (1990). That decision, however, does not mean the General Assembly cannot delegate powers and duties to other types of agencies.

■ TSA and TRB were creatures of legislative action and exercised some functions legislative in nature. The delegation of powers to those agencies by the General Assembly was also a legislative act. Nevertheless, the administrative performance of those duties granted by the legislature is not the determinant. The character of the function does not necessarily establish the

character of the agency as a branch of either department. It is the power of the legislature to control the agency, by its ability to grant powers and authorities, or to withdraw them, which is the determinant in this case. What the legislature could grant, it could also withdraw. *Helena Water Co.* v. *Helena,* 140 Ark. 597, 216 S.W.26 (1919). That power to control protects the legislative interest and insures the separation of powers.

■ Transferring ministerial duties and powers of TSA and TRB to a Constitutional body, AHC, was also a legislative act which does not violate the requirement of separation of powers. The General Assembly may enlarge the powers granted or may subsequently modify or remove them in favor of another agency. Amendment 42, § 1, to the Arkansas Constitution of 1874, by its own language recognizes that additional powers and duties may be provided for the State Highway Commission.

Without departmentalizing the entire character of AHC and AHTD, we hold those agencies have legislative powers provided by Acts 67 and 153. The General Assembly exercised its authority responsibly in enacting those laws. It retains control through the ability to remove or modify the powers and authorities granted. Therefore, Acts 67 and 153 do not violate the separation of powers required by Article 4, §§ 1 and 2.

## II. APPROPRIATION BILL EMBRACING MORE THAN ONE SUBJECT

Appellants next argue that Act 67 violates Article 5, § 30, of our Constitution, in that it is an appropriations bill that embraces more than one subject.

That constitutional provision requires the General Appropriations Bill embrace nothing but ordinary expenses of the executive, legislative, and judicial departments and that all other *appropriations* shall be by separate bills, each embracing but one subject. Ark. Const. of 1874, Article 5, § 30. The object of the Article was to prevent omnibus bills, to prevent separate and unrelated appropriations in a single bill, and to prevent pork barrel legislation. *Cottrell* v. *Faubus,* 233 Ark. 721, 347 S.W.2d 52 (1961); *Perkins* v. *DuVal,* 31 Ark. 236 (1876).

■ Act 67, in its appropriations provisions, only deals with one subject, funding for personal services and operating expenses

of AHTD. Act 67 also contains provisions establishing salary limits, numbers of authorized personnel, overtime pay, uniform and tool allowance, and moving expenses, which are not merely appropriations in nature, but relate to the same subject, administration of the AHTD. The Constitution does not prohibit the addition of substantive provisions establishing powers and duties for AHC and AHTD together with appropriations, since all relate to but one subject, the operations of AHC and AHTD. The addition of powers and duties of AHTD, as successor to TSA and TRB, in Section 23, does not deal with *any* appropriation, but is within the same subject, *i.e.,* administration of the AHTD. We hold this does not violate our Constitution.

### III. ACT 153 OUTSIDE GOVERNOR'S CALL

Appellants' third argument is that the General Assembly, by providing for powers and duties of AHC and AHTD in Act 153, exceeded call item 151.

The Governor's call was, among other things, in item 151, as follows:

> "To make an appropriation for personal services and operating expenses of the Highway and Transportation Department for the biennial period ending June 30, 1991, as enacted in Act 959 of 1989."

We have held the legislature may consider not only the legislation specifically mentioned, but such other as may incidentally arise out of the call and any necessary detail in accomplishing the purpose of the call. The legislature is given a wide range of latitude in deciding what comes within the call. *Pope v. Oliver,* 196 Ark. 394, 117 S.W.2d 1072 (1938).

Act 67 of the Extraordinary Session was a verbatim reenactment of Act 959 of 1989, including Section 23. The General Assembly, having adopted Act 959, was on notice and aware that Section 23, dealing with powers and duties of AHC and AHTD, was a part of the call. Under these circumstances, the language of call item 151 "as enacted by Act 959," when given a practical, common sense construction, includes Section 23 of Act 67, of which Act 153 is simply a further enactment.

Therefore, although Act 153 may have been merely a

duplication of Section 23 of Act 67, it came within the purview of call item 151. But see *Sims v. Weldon*, 165 Ark. 13, 263 S.W. 42 (1924).

## IV. ACT 153 PERMITS USE OF TAX FOR PURPOSES UNRELATED TO LEVY

Appellants argue that Section 2 of Act 153 authorizes expenditures of AHTD funds to fulfill duties of TSA and TRB, and this violates Article 16, § 1, of our Constitution.

Ark. Code Ann. § 19-6-405 (1987) provides that "highway funds" are to be used as specified in Amendment 42 to our Constitution and as specified by other laws which prescribe the duties of AHC and AHTD. Act 67, in Section 23, prescribes additional powers and duties for AHTD, as did Act 959. Act 153 provides for those same powers and duties.

■ The legislature was free to add the former duties of TSA and TRB to those of AHTD, by the Acts in question. Ark. Const. of 1874, Article 17, § 10; *Helena Water Co.* v. *Helena, supra*. Therefore, funds appropriated for personnel and expenses of AHTD are related to the purpose of the levy and do not violate Article 16, § 1 of our Constitution.

## V. AMENDMENT OF EXISTING LAW BY REFERENCE ONLY

Appellants also argue that Act 67 amends existing law by reference only and violates Article 5, § 23 of our Constitution.

■ Under Section 23 of Act 67, it is provided that the Chairman of AHC become a member of the commission to make reciprocal license agreements with other states. This does not amend the substance of Ark. Code Ann. § 27-14-501 (1987), but merely changes the identity of an officeholder charged with certain administrative responsibilities. There is no requirement that an amendatory statute be so self-sufficient that no examination of the act being amended is needed for a complete understanding of the changes being made. *Hall* v. *Ragland*, 276 Ark. 350, 635 S.W.2d 228 (1982).

This provision does not revive, amend, or extend a law by title reference only, and does not violate Article 5, § 23, of our

Constitution.

## VI. SECTION 23 OF ACT 959 WAS ADDED BY AMENDMENT, NOT GERMANE TO THE SUBJECT OF THE ACT

Lastly, appellants contend that the addition of Section 23 to Act 959 by an amendment, not germane to the subject of the legislation, prior to its passage, violates Article 5, § 21, of our Constitution. Since we held Act 959 unconstitutional in its entirety, it is unnecessary to address this issue. *Fisher* v. *Peronni, supra.*

The findings of the trial court are not clearly erroneous as to any issue and an extended opinion is unnecessary. *Henslee* v. *Madison Guaranty Savings & Loan Ass'n*, 297 Ark. 183, 760 S.W.2d 842 (1989).

Affirmed.

LEON REED, Special Justice, joins in this opinion.

HAYS and TURNER, JJ., not participating.