The Honorable Mark L. Pryor State Representative 2200 Worthen Bank Building Little Rock, AR 7220-13699
Dear Representative Pryor:
This is in response to your request for an opinion concerning an individual who is currently serving on the State Board of Higher Education and on the State Ethics Commission. You have asked whether this presents a conflict of interest or whether Arkansas has any prohibitions in this regard.
It is my opinion that this dual service in all likelihood contravenes the Arkansas Constitution. The following constitutional provisions are relevant to your question:[1]
 No person, or collection of persons, being one of [the three distinct departments of government], shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted.
Ark. Const. art. 4, § 2.
 No person shall hold or perform the duties of more than one office in the same department of the government at the same time, except as expressly directed or permitted by this Constitution.
Ark. Const. art. 19, § 6.
In determining that a member of the General Assembly was ineligible for membership on the Board of Southern State College, the Arkansas Supreme Court cited to both Article 5, § 10[2]
and Article 4, § 2 (see above) of the Arkansas Constitution, thus suggesting that the state college board fell within the executive branch of government. Starnes v. Sadler, 237 Ark. 325, 326-327,372 S.W.2d 585 (1963). (It seems clear that the board is not a part of the judicial department.) The court would presumably reach a similar conclusion with regard to the State Board of Higher Education, although it should be noted that this board reports to both the Governor and the General Assembly in its various areas of operation. See, e.g., A.C.A. §§6-61-202(a)(4), -206(2), -207(b) and -209(1). This may raise a question as to whether the board falls within the executive or the legislative department.
The difficulty in discerning from the Arkansas Supreme Court opinions whether administrative agencies are a part of the executive or the legislative department was noted in Stafford,Separation of Powers and Arkansas Administrative Agencies:Distinguishing Judicial Power and Legislative Power, 7 UALR L.J. 279 (1984). The difficulty with respect to the Arkansas Ethics Commission is perhaps even more pronounced due to the fact that this Commission was created by initiated act. See Init. Meas. 1990, No. 1. It seems clear, however, that constitutional restraints cannot be avoided by the creation of an agency not in any department of government. See Parkin Printing StationeryCo. v. Arkansas Printing Lithographing Co., 234 Ark. 697,354 S.W.2d 560 (1962); but see Arkansas Motor Carriers Ass'nInc. v. Pritchett, 303 Ark. 620, 798 S.W.2d 918 (1990).
In this instance, regardless of whether the State Board of Higher Education and the Arkansas Ethics Commission are part of the same or separate departments of government, it is my opinion that the Arkansas Constitution prevents this individual's service in both positions, by virtue of one of the above-cited provisions. He is either within one department and exercising powers belonging to another (Art. 4, § 2), or he is performing the duties of more than one office in the same department (Art. 19, § 6).
In reaching this conclusion, consideration has been given to Article 19, § 26 of the Arkansas Constitution which states that "[m]ilitia officers, officers of the public schools and notaries may be elected to fill any executive or judicial office." While it may be successfully contended that a member of the State Board of Higher Education is an officer of the public schools for purposes of this section, (see Craighead County Board ofEducation v. Henry, 295 Ark. 242, 728 S.W.2d 132 (1988)), it must be concluded that the Board member cannot rely upon this provision (even assuming that the State Ethics Commission falls within either the executive or the judicial department) because he was appointed, not elected. A.C.A. § 7-6-217 (Repl. 1991). Exceptions to the prohibitions under Article 4, § 2 and Article 19, § 6, supra, must be express. Article 4, § 2 states that the prohibition applies "except in the instances hereinafterexpressly directed or permitted." (Emphasis added). The emphasized language also appears in Article 19, § 6. It is my opinion that Article 19, § 26 does not expressly direct or permit an exception to the prohibitions in this instance. The constitution must be construed as written. Cannon v. May,183 Ark. 107, 35 S.W.2d 70 (1931); Kervin v. Hillman, 226 Ark. 708,292 S.W.2d 559 (1956). There must be something in the context to indicate a different intent in order to avoid giving words their plain and common meaning. Morley v. Remmel, 215 Ark. 434,221 S.W.2d 41 (1949). The requirement of an express exception to Article 4, § 2 and Article 19, § 6, in my opinion prevents reliance upon Article 19, § 26 in this instance where the State Board of Higher Education member was appointed to the Arkansas Ethics Commission.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] A review of the Code Sections pertaining to the State Board of Higher Education and the Arkansas Ethics Commission reveals no statutory prohibition against this dual service. See A.C.A. §6-61-201 (1987) and A.C.A. § 7-6-217 (Repl. 1991).
[2] Article 5, Section 10 states that "[n]o Senator or Representative shall during the term for which he shall have been elected be appointed or elected to any civil office under this State."