The Honorable Mark Stodola Prosecuting Attorney Sixth Judicial District P.O. Box 1979 Little Rock, Arkansas 72203
Dear Mr. Stodola:
This is in response to your request for an opinion concerning whether a prosecuting attorney is authorized to perform marriage ceremonies in the State of Arkansas if the prosecutor is authorized by quorum court legislation to do so pursuant to A.C.A. § 9-11-213.
It is my opinion, although the question appears to be a novel one, that there is no prohibition against the quorum court appointing the prosecuting attorney as a special official to perform marriages under both A.C.A. § 9-11-213(a)(6) and A.C.A. §14-20-110.
The statute you cite (§ 9-11-213) sets out the persons authorized to perform marriages under state law. These officials include the Governor, judges of courts of record, justices of the peace, ordained ministers and priests, mayors, and "any official appointed for that purpose by the quorum court of the county where the marriage is to be solemnized." Your question inquires as to whether the quorum court can appoint the prosecuting attorney under the last cited provision. I can find no prohibition in this regard.
The original act authorizing the quorum courts to appoint "special officials" to perform marriages is Act 95 of 1977, which provides in Section 1 that:
 The quorum courts may appoint special officials to solemnize marriages within their respective counties. Provided that the maximum number of such officials shall not exceed two per ten thousand or fraction thereof, population in the county as determined by the last census.
The provision above is currently codified at A.C.A. § 14-20-110. The act also amended A.C.A. § 9-11-213 to reflect this new authority, and to include these appointed persons along with those authorized under § 9-11-213 to perform marriages in the state. There is no restriction in the act as to which persons the quorum court can appoint as "special officials." See contra,
Op. Att'y. Gen. Nos. 87-09 and 86-371, issued by a prior administration, which are hereby superseded. The issue thus becomes whether there are any dual office-holding restrictions which would prohibit the quorum court from appointing the prosecuting attorney as a "special official" for this purpose.
In the context of dual office-holding, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Byrd v. State, 240 Ark. 743,402 S.W.2d 121 (1966). I have found no statutory provision which would prohibit a prosecuting attorney from being appointed a "special official" to perform marriages. Additionally, it is my opinion that no significant incompatibility between the two offices would exist at common law. Two constitutional provisions in this regard, however, merit discussion.
It should be noted that a prosecuting attorney is a constitutional state officer acting in a quasi-judicial capacity.See Arkansas Constitution, art. 7, § 24; Weems v. Anderson,257 Ark. 376, 516 S.W.2d 895 (1974) and Smith v. Page,192 Ark. 342, 91 S.W.2d 281 (1935). Article 4, § 2 of the constitution (the separation of powers provision) prohibits members of one branch of government from exercising any powers of another. It is unclear in this instance, however, to which, if any branch of government the special marriage officials would belong. Arkansas law authorizes officials in each branch of government to perform marriages. See A.C.A. § 9-11-213 (authorizing the Governor (executive branch), judges (the judicial branch), and justices of the peace (now primarily legislative branch) to perform marriages). It may be, then, that such officials would not belong to any one department of government, in which case the "separation of powers doctrine" presents no impediment to dual-office holding. See e.g. Arkansas Motor Carriers Ass'n.v. Pritchett, 303 Ark. 620, 798 S.W.2d 918 (1990). It is my opinion, in light of the above, that art. 4, § 2 of the constitution, in all likelihood, poses no such impediment.
Another constitutional provision which may be of relevance is art. 19, § 6[1] which prohibits persons from holding or performing the duties of more than one office in the same department of government at the same time. This provision would prevent a prosecutor, a member of the judicial branch, from simultaneously holding another judicial office. Again, however, it is unclear whether the "special officials" appointed by the quorum court would be "judicial officers." It is my opinion that the legislature, in characterizing the appointed marriage officials as "special officials" did not intend to label them as belonging to any particular department of government. It is therefore my opinion that no constitutional conflict exists which would prohibit the appointment of a prosecuting attorney as such a "special official."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] There appears to be some confusion as to whether this provision applies where at least one "office" is a local one.See Peterson v. Culpepper, 72 Ark. 230, 70 S.W. 783 (1906), and Marshall v. Holland, 168 Ark. 449, 270 S.W. 609 (1925).