The Honorable William "Bill" Walker, Jr. State Senator P.O. Box 1609 Little Rock, Arkansas 72203
Dear Senator Walker:
This is in response to your request for an opinion on whether an amendment you are proposing to Senate Bill 662 would violate the "Mack-Blackwell" amendment. Senate Bill 662 authorizes the Arkansas Highway Commission to issue highway improvement bonds not to exceed $3,500,000,000 after a statewide vote on the question. The amendment to the bill which you propose would eliminate most references in the bill to the "Arkansas Highway Commission" and substitute the "Arkansas Development Finance Authority" as the agency to issue the bonds. Your question is whether this change in the bill would violate the "Mack-Blackwell" amendment, the popular appellation for Amendment 42 to the Arkansas Constitution, which establishes and governs the Arkansas Highway Commission.
It is my opinion that the answer to your question is "no," the amendment you propose would not violate Amendment 42.
Senate Bill 662, if amended in the manner you suggest, would substitute the Arkansas Development Finance Authority ("ADFA") as the issuing agency, and would invest it with all the powers relating to the bond issue, such as the power to determine the terms and conditions under which the bonds shall be issued and sold, the power to select professionals such as legal counsel, financial advisors, underwriters, trustees, paying agents, and remarketers, and the power to issue refunding bonds. Senate Bill 662, however, as amended, would leave to the Arkansas Highway Commission the responsibility of preparing and distributing a report setting forth the highway improvements which would be financed if the bonds are issued, and the estimated cost of each highway improvement. See SB 662 at Sections 4 and 6. It is my opinion that this state of facts is consistent with Amendment 42,[1] subsection 1 of which provides as follows:
 There is hereby created a State Highway Commission which shall be vested with all the powers and duties now or hereafter imposed by law for the administration of the State Highway Department, together with all powers necessary or proper to enable the Commission or any of its officers or employees to carry out fully and effectively the regulations and laws relating to the State Highway Department.[2]
As can be seen from the language above, the Arkansas Highway Commission is vested with all powers "now or hereafter imposed by law for the administration of the State Highway Department," and "all powers necessary . . . to carry out . . . the laws relating to the State Highway Department." The essence of the Commission's power is therefore the superintending control of the State Highway Department. This provision of Amendment 42, however, empowers the Commission to perform duties and exercise powers "now or hereafter" imposed by the General Assembly. It has been stated with regard to this subsection that: "The General Assembly may enlarge the powers granted or may subsequently modify or remove them in favor of another agency. Amendment 42, § 1, to the Arkansas Constitution of 1874, by its own language recognizes that additional powers and duties may be provided for the State Highway Commission. . . . [The General Assembly] retains control through the ability to remove or modify the powers and authorities granted." ArkansasMotor Carriers Ass'n. v. Pritchett, 303 Ark. 620, 798 S.W.2d 918 (1990).
It is thus my opinion that the legislature has broad authority to define the powers and duties to be exercised by the Arkansas Highway Commission in its governance of the State Highway Department.[3] I can find nothing in Amendment 42 which would require, as a constitutional matter, that the Arkansas Highway Commission be the issuing agency on a bond issue to fund the construction and maintenance of highways. It is my opinion, rather, that the method of raising funds to support such purposes is properly within the legislative prerogative, while the authority to expend such funds for highway purposes, after proper appropriation, falls within the authority granted the Commission. Senate Bill 662, if amended in the manner you suggest, would appear to conform with this requirement.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Although of no significance to the constitutional question, it should be noted that the legislature has previously empowered ADFA, "in cooperation with the State Highway Commission" to be the issuing agency on a highway bond issue. See A.C.A. § 27-70-209 (Repl. 1994). Senate Bill 662 would repeal this law. See SB 662, Section 17.
[2] The remaining provisions of the amendment detail the procedures for appointment of members of the Commission, their terms of office, procedures for removal, the filling of vacancies and the procedure for the appointment of a "Director of Highways." The relevant portion of the amendment for our purposes is subsection 1 above setting out the powers of the Commission.
[3] This power is not absolute, however. If this provision of Amendment 42 were interpreted to give the General Assembly complete power to alter or define the authority of the Commission, this construction would render meaningless the constitutional status of the Highway Commission and Amendment 42. Although the legislature has broad powers to define the duties of the Commission under Amendment 42, this power cannot, in my opinion, be exercised to defeat the purposes of the Amendment. It is my opinion that the General Assembly would have no power, for example, to substitute another state agency or entity as the superintending entity of the State Highway Department.