Mr. Steve N. Wilson, Director Arkansas Game and Fish Commission 2 Natural Resources Drive Little Rock, Arkansas 72205
Dear Mr. Wilson:
This is in response to your request for an opinion concerning Op. Att'y Gen. 94-252 and its application to the allocation of fines collected from game and fish violations. You state it is your understanding that some municipal judges are using Op. Att'y Gen. 94-252 as authority to forfeit an appearance bond and deposit the amount in the county general fund, rather than find the individual guilty, apply the bail deposit toward the fine and court costs, and remit the fine to the Game Protection Fund as required by Ark. Const. Amendment 35, Section 8 and A.C.A. § 15-41-209. You further state it is your understanding that in cases where the appearance bond is forfeited for failure to appear, there is no warrant issued for re-arrest for trial on the original violation and the case is terminated. You note that both appearance bonds and bail deposits are set at the same amount as the total fine for the violation charged and court costs. Specifically, you pose the following question:
 May fees, monies or funds arising from the application and administration of the laws and regulations pertaining to birds, fish and wildlife resources of the state be lawfully diverted from the Game Protection Fund to municipal or county general funds in this manner?
It is my opinion the answer to your question is "no."
Op. Att'y Gen. 94-252, a copy of which is enclosed, dealt with the narrow issue of whether, under Arkansas law, forfeiture of a bond could be considered a "conviction" and whether the bond amount could be applied as "fines" or "court costs." I opined that the forfeiture of a bond or bail money, i.e., the relinquishment of money for failure to appear in court, was not equivalent to a conviction for the crime charged. The opinion further stated that although money deposited for bail may be applied toward satisfaction of a fine under A.C.A. § 16-84-115 (Cum. Supp. 1993), money forfeited for failure to appear is a separate penalty from money assessed as a fine for a conviction and court costs and could not be so applied. See A.C.A. § 16-84-115(3) (Cum. Supp. 1993), which allows the deposited bail money to be so applied "upon judgment being rendered . . . for fine and costs."
While I believe the conclusions reached in Op. Att'y Gen. 94-252
accurately address the narrow issues presented therein, reference should also have been made to Arkansas Rule of Criminal Procedure 9(2)(d), which governs the release of defendants on money bail, and provides as follows:
 Nothing in this rule shall be construed to prohibit a judicial officer from permitting a defendant charged with an offense other than a felony from posting a specified sum of money which may be forfeited or applied to a fine and costs in lieu of any court appearance.
This rule appears to give courts the discretion to allow defendants who choose not to appear to defend a misdemeanor charge in court to apply the money posted for bail towards satisfaction of fines and costs imposed for violation of the crime charged. Thus the forfeited money is, in that instance, applied to the fine and costs. I would presume, however, the defendant would have notice that a failure to appear would result in the loss of the money posted and an admission of guilt. A defendant who has no notice of these conditions and who simply does not appear in court would, in my opinion, merely forfeit the posted money and the crime charged would remain outstanding. It is my understanding, from subsequent conversations with your office, that this has been the procedure with individuals arrested and charged with game and fish violations.
The problem you have presented implicates two statutes. Arkansas Code Annotated § 16-84-202 (Cum. Supp. 1993) provides that money posted in lieu of bail goes to either the city or county general fund, depending in which court the defendant is charged. Arkansas Code Annotated §15-41-209(a)(1) (Repl. 1994) provides that "all fines assessed against and collected from persons convicted for infractions of any of the state laws protecting game, fish, fur-bearing animals, or fresh water mussels . . ." will be credited to the Game Protection Fund. (Emphasis added.) As explained in Op. Att'y Gen. 94-252, a "conviction" of the offense charged necessitates a finding or plea of guilty and is a penalty separate and apart from mere forfeiture of bond money for failure to appear in court. You state that some municipal judges, apparently under the discretionary authority of A.R.Cr.P. Rule 9(2)(d), are treating a failure to appear simply as a forfeiture of the posted bond money and disbursing the money to the city or county general fund under A.C.A. § 16-84-202, rather than permitting an offender to elect not to appear, finding him guilty, and applying the bond amount to the fine, in which case the money is disbursed to the Game Protection Fund under A.C.A. § 15-41-209.
Although Rule 9(2)(d) appears to be discretionary, and either procedure is legally permissible, it is my opinion that Amendment 36, Section 8 of the Arkansas Constitution mandates the deposit of monies, in either situation, in the Game Protection Fund. That provision, which is quoted in your question, states in pertinent part:
 The fees, monies, or funds arising from all sources by the operation and transaction of the said Commission and from the application and administration of the laws and regulations pertaining to birds, game, fish and wildlife resources of the State and the sale of property used for such purposes shall be expended by the Commission for the control, management, restoration, conservation, and regulation of the birds, fish and wildlife resources of the State. . . . All monies shall be deposited in the Game Protection Fund with the state Treasurer. . . . (Emphasis added.)
"Fees, monies, or funds arising from all sources . . . from the application and administration" of the game and fish laws encompasses, in my opinion, monies forfeited, e.g., for failure to appear in court, in connection with a charge for violation of those laws. Although §15-41-209 makes specific reference to fines collected from "convictions," it cannot be interpreted, in light of Amend. 35, § 8, to mean that only
monies collected from persons convicted of game and fish violations will be deposited in the Game Protection Fund. This would, in my opinion, be inconsistent with the above provisions of Amendment 35. There is a strong presumption of constitutionality and validity attendant to every legislative enactment, however (Fisher v. Perroni, 299 Ark. 227,771 S.W.2d 766 (1989)), and I believe a court would find that the statute is consistent with Amend. 35, § 8, and merely silent with regard to the deposit of monies collected from sources other than from fines imposed as a result of actual convictions.
In sum, I am unwilling to say, in the face of the broad language of Amend. 35, § 8, that, in cases involving alleged violations of state game and fish laws, a court would look to the general provisions of §16-84-202 and mandate the deposit of monies collected for mere forfeiture of appearance bonds or bail money to the city or county general fund.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB/SLJ:cyh