The Honorable Tommy Roebuck State Representative Post Office Box 988 Arkadelphia, Arkansas 71923-0988
Dear Representative Roebuck:
I am writing in response to your request for an opinion on whether House Bill 1906 is "consistent" with Initiated Act One of 2000, specifically, Section 7 (e)(1)(B), (e)(2) and (f) of that Act. It is my understanding that the focus of your inquiry is whether HB 1906 would in any way amend Initiated Act 1 of 2000 so as to trigger the two-thirds vote requirement necessary to amend initiated acts under Amendment 7 to the Arkansas Constitution (now codified at art. 5, § 1 under "General Provisions," "Amendment or Repeal").
RESPONSE
It is my opinion that it is unnecessary to address this issue because HB 1906 is an appropriation bill that will in any event require a three-fourths vote for passage under Article 5, § 39 of the Arkansas Constitution. To the extent your question is whether House Bill 1906 is otherwise "consistent" with Initiated Act 1, this is not a question, absent any vote requirement issue, with any fixed legal significance. It is, rather, a policy matter for the General Assembly to determine.
Section 1 of House Bill 1906 creates the "Community Health Centers of Arkansas Fund" and provides for the transfer of certain investment earnings from the "Healthy Century Trust Fund" to the new "Community Health Centers of Arkansas Fund." Specifically, the bill provides that:
 (b)(1) Beginning July 1, 2005, and continuing each July 1, thereafter, the Chief Fiscal Officer of the State shall transfer on his or her books and those of the State Treasurer and Auditor of the State, from the Arkansas Health [sic] Century Trust Fund to the Community Health Centers of Arkansas Fund:
 (A) The first three million dollars ($3,000,000) from investment earnings of the Arkansas Healthy Century Trust Fund that accrue during the fiscal year in which the transfer is made; and
 (B) One million dollars ($1,000,000) from investment earnings of the Arkansas Healthy Century Trust Fund that accrued prior to July 1, 2005.
* * *
 (d) The funds transferred to the Community Health Centers of Arkansas Fund shall be distributed by the Department of Finance and Administration — Disbursing Officer to be used for primary medical dental, mental health, pharmacy and preventive services as required by § 19-12-107.
Section 2 of HB 1906 appropriates four million dollars from the Community Health Centers of Arkansas Fund to the Community Health Centers of Arkansas, Inc. as follows:
 There is hereby appropriated, to the Department of Finance and Administration — Disbursing Officer, to be payable from the Community Health Centers of Arkansas Fund, for the Community Health Centers of Arkansas, Inc. to disburse subgrants to Community Health Centers for the provision of primary medical, dental, mental health, pharmacy and preventive services targeted to the uninsured and the underinsured Arkansans in the medically underserved areas for the biennial period ending June 30, 2007, the following:

ITEM FISCAL YEARS
NO. 2005-2006 2006-2007
(01) COMMUNITY HEALTH CENTERS OF ARKANSAS
 INC. — COMMUNITY HEALTH CENTER GRANTS $4,000,000 $4,000,000

Your question regarding the vote requirement arises because the "Healthy Century Trust Fund" and the investment earnings from that fund are governed by the provision of Initiated Act 1 of 2000, the "Tobacco Settlement Proceeds Act." See A.C.A. §§ 19-12-101 to -119 (Supp. 2003). Initiated Act 1 of 2000 was approved by the voters at the November 2000 general election. The amendment or repeal of initiated acts requires a two-thirds vote of the General Assembly pursuant to Arkansas Constitution, article 5, § 1 (the codification of Amendment 7), as follows:
 No measure approved by a vote of the people shall be amended or repealed by the General Assembly . . . except upon a yea and nay vote on roll call of two-thirds of the all the members elected to each house of the General Assembly. . . .
Your question is therefore whether House Bill 1906 in any way amends or repeals Initiated Act 1.
The specific provision of Initiated Act 1 that governs the Healthy Century Trust Fund is now codified at A.C.A. § 19-12-107 (Supp. 2003). It provides in pertinent part that:
 (d) The Arkansas Healthy Century Trust Fund shall be funded in an initial principal amount of one hundred million dollars ($100,000,000) as provided in § 19-12-104. All earnings on investments of amounts in the Arkansas Healthy Century Trust Fund, to the extent not used for the purposes enumerated in subsection (e) of this section, shall be redeposited in the Arkansas Healthy Century Trust Fund, it being the intent of this chapter that the Arkansas Healthy Century Trust Fund shall grow in principal amount until needed for programs and purposes to benefit the State of Arkansas.
 (e) The Arkansas Healthy Century Trust Fund shall be held in trust and used for the following purposes, and no other purposes:
 (1) investment earnings on the Arkansas Healthy Century Trust Fund may be used for:
 (A) the payment of expenses related to the responsibilities of the State Board of Finance as set forth in § 19-12-103; and
 (B) such programs, and other projects related to health care services, health education, and health-related research as shall, from time to time, be designated in legislation adopted by the General Assembly.
 (2) the principal amounts in the Arkansas Healthy Century Trust Fund may only be used for such programs, and other projects related to health care services, health education, and health-related research as shall, from time to time, be designated in legislation adopted by the General Assembly, it being the intent of this chapter that the principal amount of the Trust Fund should not be appropriated without amendment of this public trust.
 (f) It is intended that the beneficiaries of the Arkansas Healthy Century Trust Fund be the State of Arkansas and its programs, and other projects related to health care services, health education, and health-related research, as such are now in existence or as such may be created in the future.
A.C.A. § 19-12-107 (Supp. 2003) (emphasis added).
Again, your question is whether the language of House Bill 1906 would in any way amend or repeal the language of the initiated act above, so as to require a two-thirds vote under Arkansas Constitution, art. 5, § 1. In my opinion it is unnecessary to answer this question, because, in any event, HB 1906 is an appropriation act that will require a three-fourths vote for passage pursuant to Arkansas Constitution, art. 5, § 39, which provides:
 Excepting monies raised or collected for educational purposes, highway purposes, to pay Confederate pensions and the just debts of the State, the General Assembly is hereby prohibited from appropriating or expending more than the sum of Two and One-Half Million Dollars for all purposes, for any biennial period; provided the limit herein fixed may be exceeded by the votes of three-fourths of the members elected to each House of the General Assembly.
None of the exceptions listed in the section above appear to apply to HB 1906. It does not appropriate monies "raised or collected" for educational purposes, highway purposes, to pay Confederate pensions or the just debts of the state. See e.g., Fisher v. Perroni, 299 Ark. 227,771 S.W.2d 766 (1989) and Humphrey v. Garrett, 218 Ark. 418,236 S.W.2d 569 (1951). The monies in the Healthy Century Trust Fund and the investment earnings on that fund were not "raised or collected" for such purposes. Compare Op. Att'y Gen. 89-162 (house bill appropriating sales tax revenues that had been earmarked for educational purposes from the point of collection did not require a three-fourths vote). In addition, the sum of two and one-half million dollars has already been appropriated for the upcoming biennial period. See e.g., Acts 1, 2 and 3 of 2005. As a consequence, House Bill 1906, because it is an appropriation bill not meeting any of the exception language in Article 5, § 39, requires a three-fourths vote for passage. It is therefore unnecessary to address whether it would also require a two-thirds vote under Article 5, § 1.
To the extent a question remains as to whether House Bill 1906 is nonetheless "consistent" with Initiated Act 1 (absent any question as to the vote requirement), this is a fact and policy question for the legislature to determine. Current law, as expressed in A.C.A. §19-12-107(e)(1)(B), authorizes the interest earnings to be used for "such programs, and other projects related to health care services, health education, and health-related research as shall, from time to time, bedesignated in legislation adopted by the General Assembly." (Emphasis added.) This statute leaves it to the General Assembly to pass laws designating the use of the investment earnings. The only limitation on the power of the General Assembly is that if the use of the investment earnings are designated by law for purposes other than those listed in19-12-107(e)(1)(B), the legislation will require a two-thirds vote. As discussed above, this limitation is inapplicable in this instance because House Bill 1906 will in any event require a three-quarters vote for passage. As a consequence (absent any issue as to the vote requirement), it is of no legal significance whether House Bill 1906 is "consistent" with the provisions of Initiated Act 1. It is simply a matter of policy for the legislature to determine in deciding whether to approve the bill.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: ECW/cyh